[No. A073240. First Dist., Div. One. Sept. 24, 1996.]

MARY MORGAN, INC., Plaintiff and Appellant, v.
DONALD R. MELZARK et al., Defendants and Respondents.

## COUNSEL

Vincent M. Spohn for Plaintiff and Appellant.

Richard V. Day and Aaron M. Kamins for Defendants and Respondents.

## OPINION

**STRANKMAN, P. J.**—Summary judgment was granted to defendants when plaintiff failed to present controverting evidence after being granted a continuance for that purpose and instead used the continuance time period to file a request to dismiss the action without prejudice to reasserting the same claims challenged on the summary judgment motions. (Code Civ. Proc., §§ 437c, subd. (h), 581, subds. (b)(1), (c).)[1] Plaintiff appeals, claiming it was entitled to dismiss the action despite the pendency of the motions and that the dismissal divested the trial court of its power to rule on the summary judgment motions. We affirm the judgment, holding that a plaintiff may not dismiss an action without prejudice after an adverse tentative summary judgment ruling has been announced and the hearing has commenced and is continued for the express and exclusive purpose of permitting the plaintiff an opportunity to produce opposition evidence it claims was previously unavailable.

### FACTS

In January 1995, appellant Mary Morgan, Inc., sued multiple parties to cancel a deed of trust attached to real property it acquired in settlement of litigation. Summary judgment motions were filed separately by respondents

---

[1] All further statutory references are to the Code of Civil Procedure.

Donald R. and Jolene Melzark and respondent Richard W. Clark. (§ 437c.) Appellant filed written opposition to respondent Clark's motion and formally requested a continuance as to respondents Melzarks' motion. (§ 437c, subds. (a), (h).)

On Friday, November 17, 1995, the trial court issued its tentative ruling granting the summary judgment motions and commenced a hearing on the matter. Appellant claimed certain deposition transcripts were only recently available and requested a continuance to permit its filing of opposition to respondents Melzarks' motion and further opposition to respondent Clark's motion. The trial court continued the matter to November 28, 1995, "in order to allow [appellant's] counsel to file and serve any additional declarations or depositions together with supplemental points and authorities as to the factual issues contended by [appellant] to exist by way of defense to the motion." (§ 437c, subd. (h).)

Appellant never filed any papers on the summary judgment motions. Instead, on Monday, November 20, 1995, appellant filed with the court clerk a request for dismissal without prejudice as to respondents. (§ 581.) Appellant did not attend the reconvened hearing on the summary judgment motions held on November 28, 1995. At that hearing, respondents asked the trial court to adopt its tentative ruling to grant the motions and to disregard appellant's request for dismissal, and the court agreed to accept a letter brief on the issue. The letter brief was submitted on December 1, 1995, and served upon appellant with notification that the court was considering ruling on the summary judgment motions notwithstanding appellant's request for dismissal. Appellant did not submit any opposition to respondents' letter brief.

The court found that appellant was not entitled to dismiss without prejudice the action against respondents because the hearing had commenced on respondents' summary judgment motions and had simply been continued to permit appellant to file additional evidence on the motions. Respondents' summary judgment motions were granted and appellant's request for dismissal was stricken on December 6, 1995. Judgment was entered in favor of respondents and this appeal followed an unsuccessful plea for reconsideration.

## DISCUSSION

One question alone is raised in this appeal: May a plaintiff dismiss an action without prejudice after an adverse tentative summary judgment

ruling has been announced and the hearing has commenced and is continued for the express and exclusive purpose of permitting the plaintiff an opportunity to produce opposition evidence it claims was previously unavailable. One answer alone is possible: No.

Appellant claims a broad right to voluntarily dismiss its action against respondents without prejudice to filing another action against them, and relies upon statutory language permitting a plaintiff's dismissal of the complaint at any time "prior to the actual commencement of trial." (§ 581, subd. (c).) ■ But "[t]he right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute." (*Harris* v. *Billings* (1993) 16 Cal.App.4th 1396, 1402 [20 Cal.Rptr.2d 718].) There are statutory exceptions to a plaintiff's right of voluntary dismissal, and "other limitations have evolved through the courts' construction of the term 'commencement of trial.'" (*Ibid.*) The meaning of the term "trial" is not restricted to jury or court trials on the merits, but includes other procedures that "'effectively dispose of the case.'" (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785 [176 Cal.Rptr. 104, 632 P.2d 217].)

A plaintiff is precluded from voluntarily dismissing an action without prejudice under various circumstances short of a full trial. Those circumstances include a general demurrer sustained without leave to amend, a general demurrer sustained with leave to amend where no amendment is made within the allotted time, and where all issues have been deemed admitted in defendant's favor. (*Goldtree* v. *Spreckels* (1902) 135 Cal. 666, 672-673 [67 P. 1091]; *Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d at p. 789; *Miller* v. *Marina Mercy Hospital* (1984) 157 Cal.App.3d 765, 770 [204 Cal.Rptr. 62].) Pertinent here, a summary judgment order bars voluntary dismissal. (*Sweat* v. *Hollister* (1995) 37 Cal.App.4th 603, 614-615 [43 Cal.Rptr.2d 399].)

However, we are not presented with a request for dismissal following a summary judgment order, but a request made during continuation of a summary judgment hearing. Appellant argues that its right of dismissal existed until a dispositive ruling was made while respondents Melzarks argue that the right of dismissal ended once the hearing on the dispositive motion commenced.[2] At least in the case of demurrers, commentators have suggested that a plaintiff has the right to dismiss even after argument and

---

[2]Respondent Clark places the termination of appellant's right of voluntary dismissal at the issuance of the trial court's tentative decision in his favor. At least one court seems to have rejected respondent Clark's proposed rule, and allowed a voluntary dismissal after a tentative decision was informally announced in chambers before a demurrer hearing was held. (*Datner*

submission of the matter, until the actual ruling is made. (3 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1996) ¶ 11:20.4, p. 11-9.) In fact, as a "practice pointer," counsel are advised by these commentators that "a plaintiff who senses that he or she is losing the argument could ask the court for leave to file additional points and authorities. If leave is granted, it would extend the time during which plaintiff could voluntarily dismiss without prejudice!" (*Id.* at ¶ 11:20.5, p. 11-9.) The commentators only caution counsel that "[y]our judge may not take kindly to having his or her intended rulings thwarted. Therefore, it is *not* recommended that you utilize this tactic if you plan to appear regularly in the same court!" (*Ibid.*)

We do not share the view that a tactic founded on a misrepresentation to the court is ever proper, and we are loath to adopt a rule that would encourage dishonesty and gamesmanship in the judicial system. But we need not reach the general issue of whether the commencement of a hearing on *any* dispositive motion forecloses a plaintiff's right to dismiss his or her complaint without prejudice. The parties have framed the debate too broadly.

On these facts, the proper question is whether a voluntary dismissal is permitted after a summary judgment hearing has commenced and is continued to permit the gathering of previously unavailable opposition evidence. The answer must be no, given the nature of summary judgment procedures.

A defendant who meets the initial burden of establishing that the action has no merit is entitled to summary judgment unless the plaintiff demonstrates the existence of a triable issue of material fact. (§ 437c, subds. (c), (o)(2).) A plaintiff generally cannot defeat a well-founded summary judgment motion without setting forth specific facts controverting the motion. (§ 437c, subd. (o)(2).) An exception is made for an opposing party who has not had an opportunity to marshal the evidence, and a summary judgment motion will be denied or continued if the opposing party declares that "facts essential to justify opposition may exist but cannot, for reasons stated, then be presented."[3] (§ 437c, subd. (h).) Upon such a declaration, the trial court's discretion is strictly limited and a continuance may be mandated.

v. *Mann Theatres Corp.* (1983) 145 Cal.App.3d 768, 770-771 [193 Cal.Rptr. 676]; cf. *M & R Properties* v. *Thomson* (1992) 11 Cal.App.4th 899, 901-902 [14 Cal.Rptr.2d 579] [no voluntary dismissal permitted after tentative ruling granting mandatory dismissal becomes final upon failure to request hearing].)

[3]Sanctions may be imposed for declarations presented in bad faith or solely for purposes of delay. (§ 437c, subd. (i).) It would therefore be perilous for a party to adopt the delaying

(*Nazar* v. *Rodeffer* (1986) 184 Cal.App.3d 546, 556 [229 Cal.Rptr. 209].) In effect, an opposing party can compel a continuance of a summary judgment motion. But the continuance, as expressly stated by the trial court here, is for a particular purpose—production of opposition evidence. The continuance does not entitle the opposing party to defeat the motion by collateral maneuvers.

Logic and fairness dictate that the right of a plaintiff to voluntarily dismiss an action before commencement of trial is restricted not only by statutory limitations and judicial constructions of the phrase "commencement of trial"; it is also limited by the dismissal procedure's conjunction with other judicial procedures. The interrelationship between various provisions of the Code of Civil Procedure must be considered when interpreting any one provision so that statutory harmony is achieved. (*Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 338-339 [189 Cal.Rptr. 450].) *Herbert Hawkins Realtors, Inc.*, held that a voluntary dismissal was barred after the plaintiff suffered an adverse arbitration award, recognizing that a contrary holding would undermine the arbitration procedure and promote "mischievous lawyering." (*Id.* at p. 339.)

Likewise, we recognized the need to reconcile the competing interests protected in the Code of Civil Procedure in holding that a plaintiff cannot obtain a voluntary dismissal of an action after the defendant has obtained a ruling dismissing the same action involuntarily for lack of prosecution. (*M & R Properties* v. *Thomson, supra,* 11 Cal.App.4th at pp. 900-905.) In *M & R Properties*, we were faced with the conflicting rights of a defendant to a mandatory dismissal and a plaintiff's right to a voluntary dismissal, and we declined "to balance the competing rights in such a fashion as to render a defendant's motion for mandatory dismissal pointless, and the ruling of the court on that motion a nullity." (*Id.* at pp. 902-903.) More recently, it has been held that a plaintiff cannot defeat a defendant's motion for a terminating discovery sanction by filing a voluntary dismissal just before the hearing. (*Hartbrodt* v. *Burke* (1996) 42 Cal.App.4th 168, 171-172, 175-176 [49 Cal.Rptr.2d 562].)

■ We will not eviscerate the summary judgment procedure by permitting a plaintiff to voluntarily dismiss his or her action after commencement of a summary judgment hearing and continuation for the express and exclusive purpose of permitting the plaintiff an opportunity to present opposition

---

tactic of requesting a continuance to extend the time for filing a dismissal that commentators have suggested in another context. (3 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra,* ¶ 11:20.5, p. 11-9.) The trial court made no finding that appellant employed such a tactic here.

evidence. The trial court correctly determined that appellant was not entitled to dismiss its action without prejudice and reassert the same allegations that it could not, or would not, defend when challenged by respondents' summary judgment motions.

## DISPOSITION

The judgment is affirmed.

Dossee, J., and Swager, J., concurred.