[No. B159465. Second Dist., Div. Two. Apr. 16, 2003.]

CHRISTY ZAPANTA, a Minor, etc., et al., Plaintiffs and Appellants, v. UNIVERSAL CARE, INC., et al., Defendants and Respondents.

**COUNSEL**

Blumberg Law Corporation and Ave Buchwald for Plaintiffs and Appellants.

Fonda & Fraser and Kristin J. Heim for Defendants and Respondents.

**OPINION**

**DOI TODD, J.**—In this case, we address the question of whether the trial court erred in granting a defense motion for summary judgment where the plaintiffs filed a request for dismissal without prejudice one day before their opposition to the motion was due. Plaintiffs and appellants Christy Zapanta, by and through her guardian ad litem, Mary Jean Maloles, and Mary Jean Maloles, individually, maintain that they were entitled to voluntarily dismiss their action before commencement of trial under Code of Civil Procedure section 581, subdivision (b)(1). The trial court disagreed and granted summary judgment in favor of defendants and respondents Universal Care, Inc., and Eddie Quan, M.D. We reverse.

## BACKGROUND

Appellants commenced this medical malpractice action against respondents on May 24, 2001. Appellants claimed that respondents' delay in diagnosing a pseudomonas bacterial infection resulted in the severe neurological impairment of Zapanta. Zapanta's mother claimed negligent infliction of emotional distress as a bystander witness.

On March 7, 2002, respondents filed a motion for summary judgment, which included the declaration of an expert witness, Andrew P. Novom, M.D., who concluded that respondents complied with the standard of care in the community. The hearing on the motion was originally set for April 11, 2002, but was advanced by the court to April 4, 2002, so that the motion could be heard more than 30 days before the May 6, 2002 trial date (Code Civ. Proc., § 437c, subd. (a)).

On March 20, 2002, one day before appellants' opposition to the motion was due,[1] appellants filed a request for dismissal of the entire action without prejudice. The clerk entered the dismissal the same day.

Upon receiving a copy of the dismissal the following day, respondents learned that the motion had been taken off calendar. At respondents' request, the clerk placed the motion back on calendar. Thereafter, on March 25, 2002, respondents filed a supplemental memorandum of points and authorities asking the court to strike the request for dismissal and grant the summary judgment motion. On March 28, 2002, appellants filed a response, entitled "Opposition to Motion for Summary Judgment," in which their sole contention was that their dismissal of the action deprived the court of jurisdiction to rule on the motion.

Both parties appeared at the hearing on the summary judgment motion on April 4, 2002, and the court granted the motion. The court's subsequent written order, dated April 16, 2002, stated that the court had considered the parties' submissions and found that (1) the declaration of respondents' expert witness established there was no merit to the medical negligence cause of action, (2) there was therefore no merit to the negligent infliction of emotional distress claim, which was also time barred, and (3) the case of *Groth Bros. Oldsmobile, Inc. v. Gallahger* (2002) 97 Cal.App.4th 60 [118 Cal.Rptr.2d 405] and other authority cited by respondents in their supplemental memorandum of points and authorities "compels the court to strike

[1] Under Code of Civil Procedure section 437c, subdivision (b), any opposition to the motion shall be served and filed not less than 14 days preceding the noticed or continued date of hearing.

[appellants'] request for dismissal." Judgment was entered in favor of respondents on April 16, 2002. Notice of appeal was timely filed.

## DISCUSSION

### A. *Dismissal of Action*

The issue before us is whether the trial court erred in granting respondents' motion for summary judgment after appellants had filed a request for dismissal of the action without prejudice one day before their opposition to the motion was due. We conclude that the trial court erred and we reverse the judgment. In so doing, we note that in applying a statute to undisputed facts, our review is de novo. (*Groth Bros. Oldsmobile, Inc. v. Gallahger, supra,* 97 Cal.App.4th 60.)

Code of Civil Procedure section 581, subdivision (b), provides that an action may be dismissed: "(1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any. . . ." Similarly, subdivision (c) of the same section (not cited by the parties) provides: "A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial."

But the right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. (*Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253, 256 [60 Cal.Rptr.2d 436].) " 'Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term "commencement of trial." These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication.' " (*Ibid.,* quoting *Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1402 [20 Cal.Rptr.2d 718].) " 'Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action' [citation], except for matters such as attorney's fees. [Citation.] An order by a court lacking subject matter jurisdiction is void." (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 909 [84 Cal.Rptr.2d 303].)

Respondents rely on several cases to support their position that the dismissal was invalid and summary judgment was properly granted in their

favor. In *Groth Bros. Oldsmobile, Inc. v. Gallagher, supra*, 97 Cal.App.4th 60, the plaintiff failed to file opposition to the defendant's demurrer, and instead attempted to file an amended complaint that was rejected by the clerk. (*Id.* at p. 64.) The day before the hearing, the court issued a tentative ruling sustaining the demurrer without leave to amend. (*Ibid.*) On the day of the hearing, the plaintiff filed a voluntary dismissal without prejudice, and the trial court concluded that it lacked jurisdiction to rule on the demurrer. (*Ibid.*) The appellate court reversed. In doing so, the court relied on policy concerns previously discussed by the Supreme Court in *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785 [176 Cal.Rptr. 104, 632 P.2d 217], where the court held that once a general demurrer is sustained with leave to amend and the plaintiff fails to amend within the time allotted, the right to voluntarily dismiss the action is cut off. Following *Wells*, the *Groth* court concluded that allowing a plaintiff to file a voluntary dismissal without prejudice in the face of a tentative ruling that the court will sustain a demurrer without leave to amend "waste[s] the time and resources of the court and other parties and promote[s] annoying and continuous litigation," as well as undermines the tentative ruling system. (*Groth*, at p. 70.) Here, unlike *Groth*, there was no tentative ruling at the time appellants filed their request for dismissal. Thus, the policy concerns raised by *Wells* and *Groth* did not come into play.

Respondents also rely on *Cravens v. State Bd. of Equalization, supra*, 52 Cal.App.4th 253, in which the plaintiff failed to file opposition to the defendants' motion for summary judgment. Instead, the day before the hearing, the plaintiff filed a voluntary request for dismissal without prejudice, which the clerk entered the same day. (*Id.* at pp. 255-256.) Having no notice of the dismissal, the defendants appeared at the hearing and the court granted the summary judgment motion, which was affirmed on appeal. (*Id.* at pp. 255-256, 258.) The appellate court noted that under Code of Civil Procedure section 437c, subdivision (b), failure to file opposition " 'may constitute a sufficient ground, in the court's discretion, for granting the motion.' " (*Cravens*, at p. 257.) The appellate court reasoned that in light of a record showing that the motion sufficed to entitle the defendants to summary judgment and in the absence of a timely opposition by the plaintiff, entry of summary judgment in favor of the defendants was "a formality which [plaintiff] could not avoid by the stratagem of filing a last minute request for dismissal without prejudice." (*Ibid.*)

■ By contrast, appellants here did not fail to file opposition to the summary judgment motion; they filed their request for dismissal *prior* to their deadline for filing opposition to the summary judgment motion, albeit

by only one day. Under these circumstances, it cannot be said that judgment on the motion was a mere formality, thus distinguishing this case from *Cravens*.

Respondents also cite to *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765 [57 Cal.Rptr.2d 4]. There, the court had issued a tentative ruling granting the defendants' motions for summary judgment. A hearing on the motions was held, during which the court granted the plaintiff's request for a continuance to submit additional evidence. (*Id.* at p. 768.) Instead of doing so, the plaintiff filed a request for dismissal without prejudice. (*Ibid.*) The trial court ordered the request for dismissal stricken and entered summary judgment in favor of the defendants. (*Ibid.*) In affirming the judgment, the appellate court concluded that the plaintiff could not dismiss a case without prejudice after a tentative adverse ruling on defense motions and after the hearing on the motions had commenced but was continued for the exclusive purpose of allowing the plaintiff to produce evidence. (*Id.* at pp. 771-772.) Unlike *Mary Morgan*, here there was no similar manipulation by appellants of the judicial process, i.e., "delaying a court ruling on a defense motion in order to sneak in a voluntary dismissal."[2]

Finally, respondents cite to *Miller v. Marina Mercy Hospital* (1984) 157 Cal.App.3d 765 [204 Cal.Rptr. 62]. The plaintiffs in *Miller* failed to respond to the defendants' requests for admissions on all issues in the case, which were therefore deemed admitted by operation of law. The trial court denied the plaintiffs' request for relief and the defendants filed a motion for summary judgment based on the deemed admissions. (*Id.* at p. 767.) One week before the hearing on the motion, the plaintiffs filed a request for dismissal without prejudice, which the clerk entered. (*Ibid.*) The trial court nevertheless granted summary judgment in favor of the defendants, which was affirmed on appeal. The appellate court concluded that deemed admissions which effectively disposed of the entire case, cut off the plaintiff's right to voluntary dismissal. (*Id.* at. p. 770.) But, here again, unlike *Miller*, respondents had no preexisting entitlement to a favorable disposition at the time appellants dismissed the action.

Accordingly, none of the cases cited by respondents is dispositive. At the time appellants filed their request for dismissal, the opposition to the summary judgment motion was not past due, no hearing on the motion had been held and no tentative ruling or other decision tantamount to an adjudication had been made in respondents' favor. In other words, the case had not

---

[2]*Kyle v. Carmon, supra*, 71 Cal.App.4th 901, 915, distinguished *Mary Morgan* in finding that the plaintiff was entitled to dismiss his action prior to the court's ruling on the defendant's anti-SLAPP motion (Code Civ. Proc., § 425.16).

yet reached a stage where a final disposition was a mere formality. We are mindful of respondents' concern that appellants may now have the right to refile their action, but that is so any time a plaintiff files a valid request for dismissal of his or her complaint without prejudice. The purpose behind the right of a plaintiff to voluntarily dismiss a case under Code of Civil Procedure section 581 "is to allow a plaintiff a certain amount of freedom of action within the limits prescribed by the code." (*Cal-Vada Aircraft, Inc. v. Superior Court* (1986) 179 Cal.App.3d 435, 446 [224 Cal.Rptr. 809].) Where this right does not conflict with other statutory provisions, judicial procedures or public policy, the dismissal is valid.

We therefore find that appellants' request for dismissal without prejudice is valid and that the trial court exceeded its jurisdiction in granting respondents' motion for summary judgment.

## B. *Dismissal of Minor's Claim*

Respondents contend that a guardian ad litem may not voluntarily dismiss a minor's action without prejudice without first obtaining a court order authorizing the dismissal.[3] Respondents rely on Code of Civil Procedure section 372, subdivision (a), which provides that a guardian ad litem appearing for a minor "shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same, to agree to the order or judgment to be entered therein for or against the ward or conservatee, and to satisfy any judgment or order in favor of the ward or conservatee or release or discharge any claim of the ward or conservatee pursuant to that compromise."

While the statute does not define "compromise," that term has been defined as " 'a settlement of differences by mutual concessions; an adjustment of conflicting claims.' " (*Isaacson v. City of Oakland* (1968) 263 Cal.App.2d 414, 421 [69 Cal.Rptr. 379].) Although dismissal of an action may be the end result of a compromise or settlement, it is certainly not the equivalent.

Respondents cite no case on point, and appellants concede that "no case has decided the precise issue presented." But both parties cite us to *In re Christina B.* (1993) 19 Cal.App.4th 1441, 1454 [23 Cal.Rptr.2d 918], a dependency case in which a guardian ad litem was appointed for a mother

---

[3]Respondents raised this issue for the first time at oral argument. We granted the parties leave to file letter briefs on this issue.

who suffered from paranoid schizophrenia. Over the mother's objection, the guardian ad litem waived the mother's trial rights and submitted the matter for determination based on the social worker's report and recommendations. (*Id.* at p. 1449.) The juvenile court declared the children dependents, removed them from their mother's custody and placed them with their father. (*Ibid.*) The appellate court reversed, holding that it was error for the court to accept the guardian's waiver of fundamental constitutional rights over the mother's objection. The appellate court stated: "[A] guardian ad litem's role is more than an attorney's but less than a party's. The guardian may make tactical and even fundamental decisions affecting the litigation but always with the interest of the guardian's charge in mind. Specifically, the guardian may not compromise fundamental rights, including the right to trial, without some countervailing and significant benefit." (*Id.* at p. 1454.) Thus, "[s]hould a guardian ad litem take an action inimical to the legitimate interests of the ward, the court retains the supervisory authority to rescind or modify the action taken." (*Regency Health Services, Inc. v. Superior Court* (1998) 64 Cal.App.4th 1496, 1502 [76 Cal.Rptr.2d 95].)

Code of Civil Procedure section 372 empowers a guardian ad litem to compromise a claim, or to agree to have judgment entered either in favor or against a ward, to satisfy a judgment for or against a ward, or to release or discharge a claim pursuant to a compromise, *with court approval.* As the court in *Regency Health Services, Inc.* explained, the court retains the power to rescind or modify an action taken on behalf of a ward by a guardian ad litem which is inimical to the interests of the ward. There is nothing in section 372 which expressly precludes dismissal of an action without prejudice by a guardian ad litem. Furthermore, under the circumstances here, dismissal without prejudice is not inimical to the interests of the minor as the statute of limitations has not run and no actual prejudice will be suffered by the minor in dismissing the action. Quite to the contrary, it would be inimical to the minor's rights to vacate the dismissal entered on her behalf and permit entry of summary judgment against her, precluding any subsequent lawsuit on her claims. We therefore find no merit to respondents' contention that the guardian ad litem had no authority to dismiss the minor's action without prejudice without court approval.[4]

---

[4]Appellants argue in their letter brief that Code of Civil Procedure section 372 does not apply because there is no actual court order appointing appellant Mary Jean Maloles as guardian ad litem of her minor daughter, appellant Christy Zapanta, since no application for such an order was ever made to the trial court. We note that in all the pleadings, including briefs and records before this court, filed on behalf of plaintiffs by their attorneys of record, plaintiffs and appellants *represent themselves* as "Christy Zapanta, by and through her guardian ad litem, Mary Jean Maloles, and Mary Jean Maloles, individually." We reject any

## DISPOSITION

The judgment and the order granting summary judgment and striking appellants' request for dismissal without prejudice are reversed. Each side to bear its own costs on appeal.

Nott, Acting P. J., and Ashmann-Gerst, J., concurred.

---

attempt by appellants to take advantage of a prior misrepresentation or failure on their part to obtain the necessary authority to act in this representative capacity.