Filed 11/10/15  Smalls v. Alta Bates Summit Med. Center Surgery Property Co. CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LOUISE SMALLS et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER SURGERY PROPERTY COMPANY, LLC et al.,<br><br>    Defendants and Respondents. | A139472<br><br>(Alameda County<br>Super. Ct. No. RG08-388794) |

Louise Smalls (Louise) and her husband, Nathaniel Smalls (Nathaniel; collectively Plaintiffs), voluntarily dismissed without prejudice pursuant to Code of Civil Procedure section 581[1] their claim for medical negligence against Alta Bates Summit Medical Center Surgery Property Company, LLC (Alta Bates) and the Surgery Center of Alta Bates Summit Medical Center, LLC (the Surgery Center).  On the same day of Plaintiffs' dismissal, the trial court issued its tentative rulings granting the Surgery Center's motion to strike Plaintiffs' pleading and sustaining without leave to amend Alta Bates's demurrer.  The trial court vacated Plaintiffs' dismissal and entered judgments dismissing their action with prejudice, and Plaintiffs appeal.  We affirm the judgments.

---

[1] All further unspecified code sections refer to the Code of Civil Procedure.

1

## BACKGROUND

On March 14, 2007, Dr. Charles Jenkins performed a thyroidectomy on Louise. A little over one year later, on May 22, 2008, Plaintiffs sued Dr. Jenkins and Does 1 to 25 for medical negligence with regard to the surgery performed at "Alta Bates Summit Medical Center." Nathaniel claimed loss of consortium.

The trial court granted Dr. Jenkins's motion for summary judgment on March 3, 2010. Judgment was entered in favor of Dr. Jenkins on May 9, 2012, and Plaintiffs appealed.[2]

On July 5, 2012, Plaintiffs filed an amendment to the complaint adding Alta Bates and the Surgery Center as Doe defendants. Plaintiffs filed a first amended complaint on August 24, 2012, against Alta Bates and the Surgery Center for negligence related to the thyroidectomy performed on March 14, 2007.

The Surgery Center demurred to Plaintiffs' first amended complaint, arguing that the statute of limitations barred Plaintiffs' claim of medical negligence. It also moved to strike Plaintiffs' prayer for punitive damages.

On March 14, 2013, the trial court sustained with leave to amend the Surgery Center's unopposed demurrer. The court explained: "Plaintiffs' claim for general negligence against [the Surgery Center] is an action for injury against a health care provider based on alleged professional negligence in performing a thyroidectomy on March 14, 2007. Claims based on alleged professional negligence in providing medical care are governed by . . . section 340.5. The limitation period under section 340.5 is three years from the date of injury or one year from discovery of the injury, whichever occurs first. The [f]irst [a]mended [c]omplaint was filed on August 24, 2012, more than three years after the surgery. Plaintiffs were aware of the alleged injury when they filed the original complaint on May 22, 2008, and the claims against [the Surgery Center] were not

---

[2] We dismissed Plaintiffs' appeal on July 10, 2012, for failure to procure the record on appeal within the time allowed or within any valid extension of time.

filed within one year thereafter. . . . Leave to amend is granted to plead facts showing that the limitation period under . . . section 340.5 does not bar Plaintiffs' claims."

On April 9, 2013, Plaintiffs filed their seconded amended complaint (SAC) against the Surgery Center and Alta Bates. Plaintiffs alleged medical negligence arising out of the thyroidectomy on March 14, 2007. They asserted that "fraud was a factor and therefore tolls the statute of limitations."

On April 29, 2013, the Surgery Center moved to strike Plaintiffs' SAC. Alta Bates demurred to the SAC on May 2, 2013. Plaintiffs did not oppose the motion to strike or the demurrer. A hearing on the motion to strike and demurrer was set for June 27, 2013.

The trial court provided its tentative rulings on the Surgery Center's motion to strike and Alta Bates's demurrer on June 24, 2013. The tentative rulings indicated that the court was granting the Surgery Center's motion to strike and sustaining without leave to amend Alta Bates's demurrer. Plaintiffs did not provide any notice of their intent to contest the tentative rulings but, on June 24, 2013, they requested dismissal of their action without prejudice. The clerk of the court dismissed the Surgery Center and Alta Bates without prejudice on June 24, 2013.

On June 28, 2013, the trial court ordered Plaintiffs to show cause "why the dismissal of [the] Surgery Center and [Alta Bates] without prejudice, entered by the [c]lerk on the day the court published tentative rulings on the unopposed [m]otion to [s]trike and [d]emurrer, should not be vacated and set aside and why the uncontested tentative rulings should not be affirmed." The hearing was set for July 18, 2013.

After holding the hearing, the trial court on July 18, 2013, vacated and set aside the dismissal without prejudice of Plaintiffs' action. The court found that "the Defendants' right to judgment in their favor had ripened into inevitability by the time the dismissals were filed." The court noted, "Plaintiffs implicitly concede that the dismissals were entered for strategic reasons only. . . . There has been a determination by the court, after careful review, that the case has no merit as a matter of law and that Defendants are entitled to dismissal with prejudice. The policies supporting the result in [*Groth Bros.*

3

*Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60, 66-73], including judicial economy and prevention of the waste of judicial resources, and the policy protecting defendants against continuous and harassing litigation, are fully implicated in this case, and the dismissals filed by Plaintiffs are VACATED on that basis."

The trial court sustained Alta Bates's demurrer without leave to amend and granted the Surgery Center's motion to strike Plaintiffs' entire SAC. The court filed judgments of dismissal as to the Surgery Center and Alta Bates. Plaintiffs filed a timely notice of appeal.

## DISCUSSION

### I. *Standard of Review*

Most courts apply a de novo standard when reviewing the trial court's ruling on a request to voluntarily dismiss a case pursuant to section 581. (See *Lee v. Kwong* (2011) 193 Cal.App.4th 1275, 1281 ["The trial court's application of section 581 to undisputed facts is a question of law and we review the trial court's determination de novo."]; *Gogri v. Jack in the Box, Inc.* (2008) 166 Cal.App.4th 255, 262 ["Because the trial court's application of section 581 to undisputed facts is a question of law, we apply the independent standard in reviewing on appeal the trial court's determination"].) However, in *Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538, the court held that an abuse of discretion standard is more appropriate, noting that "every court to consider this issue has based its holding on the facts and circumstances surrounding the dismissal, evaluating whether allowing the dismissal to stand would be unfair or would endorse dishonest litigation tactics." (*Id.* at p. 544.) The court observed that the "common thread running through all of these decisions is the notion of fairness, which in turn depends on the plaintiff's motivation and intent in dismissing his complaint." (*Id.* at p. 546.) These questions, the *Tire Distributors* court concluded, were best left to the sound discretion of the trial court.

We need not decide whether to apply a de novo or abuse of discretion standard of review because no error occurred under either standard.

4

## II. *Limitations on the Right to a Voluntary Dismissal Under Section 581*

Section 581, subdivisions (b)(1) and (c) allow a plaintiff to dismiss voluntarily, with or without prejudice, an action "prior to the actual commencement of trial." Plaintiffs contend that the trial court did not have jurisdiction to vacate their dismissal or to rule on the demurrer or motion to strike. (See *Shapell Industries, Inc. v. Superior Court* (2005) 132 Cal.App.4th 1101, 1108 [voluntary dismissal of an entire action deprives court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees].)

Plaintiffs ignore that they do not have an absolute right to the voluntary dismissal of their action. (*Zapanta v. Universal Care, Inc.* (2003) 107 Cal.App.4th 1167, 1171.) A plaintiff has a right to dismiss prior to trial, but not after commencement of trial. Section 581, subdivision (a)(6) defines the commencement of trial as "the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence."

If courts permitted a voluntary dismissal after sustaining a demurrer without leave to amend, " ' "litigation would become interminable, because a party who was led to suppose a decision would be adverse to him could prevent such decision and begin anew, thus subjecting the defendant to annoying and continuous litigation." ' [Citation.] An important additional interest has also been identified. 'But the injustice to the defendant is not the greatest evil of such a practice; the wasting of the time and money of the people in a fruitless proceeding in the courts is something far more serious.' [Citation.]" (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785-786.)

Indeed, the actual commencement of trial may occur before the trial court makes an *actual* ruling on a pending dispositive motion. In *Groth Bros. Oldsmobile, Inc. v. Gallagher, supra,* 97 Cal.App.4th 60, the court held that the plaintiff could not voluntarily dismiss without prejudice the lawsuit after the trial court had announced a tentative ruling sustaining a demurrer without leave to amend. (*Id.* at p. 73; see also *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 768-769 [plaintiff not

5

permitted to dismiss action without prejudice after adverse tentative summary judgment ruling announced].)

The critical factor is whether "the action has proceeded to a determinative adjudication, or to a decision that is tantamount to adjudication." (*Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1402; *Zapanta v. Universal Care, Inc., supra,* 107 Cal.App.4th at p. 1171.) After reviewing numerous section 581 cases, the court in *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187 (*Franklin*) concluded a "mere formality" test applied in determining whether a voluntary dismissal is untimely. (*Id.* at pp. 199-205.) A voluntary dismissal is untimely under section 581 if either: (1) there has been "a public and formal indication by the trial court of the legal merits of the case;" or (2) there has been "some procedural dereliction by the dismissing plaintiff that made dismissal otherwise *inevitable.*" (*Franklin* at p. 200.) Exemplifying an example of an untimely dismissal under the inevitability test is where a defendant files a summary judgment motion meeting the defendant's initial burden of showing that the plaintiff's case was without merit and the plaintiff fails to file any timely opposition. (See *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253, 257.)

### III. *Applying the Mere Formality Test*

Plaintiffs filed their request to dismiss their action against Alta Bates and the Surgery Center on the same day as the trial court issued its tentative rulings sustaining without leave to amend Alta Bates's demurrer and granting the Surgery Center's motion to strike Plaintiffs' FAC. Plaintiffs did not file declarations stating that they filed their request for dismissal prior to receiving the tentative rulings.

Even if we presume that Plaintiffs filed their request for dismissal prior to being apprised of the tentative rulings and therefore the first test set forth in *Franklin* does not apply, their dismissal request was still untimely if a procedural dereliction by Plaintiffs made dismissal inevitable. (*Franklin, supra,* 148 Cal.App.4th at p. 200.) In the present case, Plaintiffs' procedural derelictions in filing a SAC that did not cure the defects in their first amended complaint and in failing to file any opposition to Surgery Center's motion to dismiss and Alta Bates's demurrer to their SAC have resulted in a situation

6

where a final disposition dismissing this action was inevitable.  As we explain, the statute of limitations clearly bars Plaintiffs' medical negligence claim.

Section 340.5 provides that an action for professional negligence against a health care provider must be commenced three years after the date of the injury or one year after the plaintiff discovers the injury, whichever occurs first.  "While ignorance of the existence of an injury or cause of action may delay the running of the statute of limitations until the date of discovery, the general rule in California has been that ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statute." (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 932.) "Aggrieved parties generally need not know the exact manner in which their injuries were 'effected, nor the identities of all parties who may have played a role therein.' " (*Ibid.*)

Plaintiffs' lawsuit is based on a thyroidectomy performed on March 14, 2007.  They were aware of their injury by May 22, 2008, the date they filed their original complaint against Dr. Jenkins.  The amendment to the complaint adding Alta Bates and the Surgery Center as Doe defendants was filed on July 5, 2012, more than one year after Plaintiffs discovered the injury and more than three years after the surgery.

Plaintiffs' amendment to their complaint would be timely if it related back to the original complaint's filing date.  Generally, an amended complaint that adds a new defendant does not relate back to the original complaint's filing date and the statute of limitations applies as of the amended complaint's filing date and not the date the original complaint was filed.  (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176.)  There is an exception to that general rule when, under section 474, a new defendant is substituted for a fictitious Doe defendant named in the original complaint.  (*Woo*, at p. 176.)  If section 474's requirements are satisfied, an amended complaint substituting a new defendant for a Doe defendant is deemed filed on the date the original complaint was filed for statute of limitations purposes.  (*Austin v. Massachusetts Bonding & Ins. Co.* (1961) 56 Cal.2d 596, 602.)

7

Section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he [or she] must state that fact in the complaint . . . , and such defendant may be designated in any pleading or proceeding by any name, and when [the] true name is discovered, the pleading or proceeding must be amended accordingly . . . ."

Section 474 contains two mandatory requirements. (*Stephens v. Berry* (1967) 249 Cal.App.2d 474, 477.) The first requirement is the plaintiff's ignorance of the Doe defendant's identity at the time of filing the complaint. (*Optical Surplus, Inc. v. Superior Court* (1991) 228 Cal.App.3d 776, 783-784.) A litigant cannot avoid the statute of limitations by naming a fictitious defendant in a timely complaint and then, after the statute has run, add by amendment a defendant whose identity and capacity was known from the outset. (*Scherer v. Mark* (1976) 64 Cal.App.3d 834.) Here, Plaintiffs' original complaint against Dr. Jenkins makes it plain that they were aware of Alta Bates and the Surgery Center at the time the injury occurred. In their original complaint, they alleged that Louise was injured when she had surgery on March 14, 2007, at "Alta Bates Summit Medical Center."

The second requirement of section 474 is that the plaintiffs make a clear statement in their pleading that they are ignorant of the true name of the defendant sued by a fictitious name. (*Stephens v. Berry, supra,* 249 Cal.App.2d at p. 477.) The allegations in Plaintiffs' original complaint simply indicate that they were suing Dr. Jenkins and Does 1 to 25. The pleading contains no statement that Plaintiffs are ignorant of the true names of the defendants sued as Does 1 to 25. Accordingly, the amended complaint does not relate back to the original complaint.

Furthermore, section 474 allows a plaintiff to identify the person previously designated by a fictitious name, but this provision does not provide such option indefinitely. (See *Nogart v. Upjohn Co.* (1999) 21 Cal.4th 383, 398-399.) Section 583.210, subdivision (a) provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed." Under this provision, after filing suit against one defendant, the plaintiff must name and

8

serve all fictitiously named defendants within a maximum period of three years. If service is not made within three years, the court must dismiss the action under section 583.250. "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."[3] (§ 583.250, subd. (b).)

Plaintiffs filed their complaint against Dr. Jenkins and Doe defendants on May 22, 2008. They did not file their amended complaint adding Alta Bates and the Surgery Center as Doe defendants until July 5, 2012, more than three years after they filed their original complaint.

It is also clear that neither the doctrine of equitable tolling nor equitable estoppel applies to the present case. Equitable tolling suspends the statute of limitations if a defendant's fraud conceals a cause of action against the defendant, "but only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it.' " (*Bernson v. Browning-Ferris Industries*, *supra*, 7 Cal.4th at p. 931.) "To allege such a cause of action the fraud must be alleged with the usual particularity required in such actions. The existence of such fraud must be alleged clearly and unequivocally, and must not rest upon inferences." (*Bank of America v. Williams* (1948) 89 Cal.App.2d 21, 25.) In contrast, equitable estoppel based on the ignorance of a defendant's identity does not toll the statute of limitations but "a defendant may be equitably estopped from asserting the statute of limitations when, as the result of intentional concealment, the plaintiff is unable to discover the defendant's actual identity." (*Bernson,* at p. 936.)

Here, Plaintiffs simply alleged that "fraud was a factor and therefore tolls the statu[t]e of limitation[s]." They did not plead the particular facts that would show fraudulent concealment or misrepresentation. Plaintiffs did not set forth any allegations of equitable estoppel. Moreover, Plaintiffs could not amend their pleading to allege

---

**3** None of the statutory exceptions delineated in sections 583.220, 583.230, and 583.240 applies to the present case.

9

equitable tolling or equitable estoppel.  Any allegation of fraud with regard to concealing the injury or the identity of the Surgery Center or Alta Bates is belied by the facts set forth in their original complaint.  Their original complaint established that they were aware of their injury and the identity of "Alta Bates" in 2008.

We therefore conclude that Plaintiffs' request for dismissal without prejudice was not valid and the trial court did not exceed its jurisdiction in granting Surgery Center's motion to strike and sustaining without leave to amend Alta Bates's demurrer.

## DISPOSITION

The judgments are affirmed.  The Plaintiffs are to pay the costs of appeal.


_____
Kline, P.J.


We concur:


_____
Stewart, J.


_____
Miller, J.