Filed 8/27/24  T-A Fashion (USA) v. Megna T-Shirt Manufacturing Co. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| T-A FASHION (USA), LLC,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MEGNA T-SHIRT MANUFACTURING COMPANY, INC.,<br><br>  Defendant and Appellant. | B329189<br><br>(Los Angeles County<br>Super. Ct. No. 22STCV34300) |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Affirmed.

Law Offices of Ben Gharagozli and Behnam Gharagozli for Defendant and Appellant.

Michael A. Abramson for Plaintiff and Respondent.

————————————

Megna T-Shirt Manufacturing Company, Inc. (Megna) appeals from a trial court order denying its motion to vacate a voluntary dismissal filed by T-A Fashion (USA), LLC (T-A Fashion) and its motion for attorney fees. We affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In January 2020, Megna began leasing a commercial property (the property) from T-A Fashion.

In October 2022, T-A Fashion filed an unlawful detainer action against Megna; its president, Mahmud Ulkarim (together, defendants); and several Doe defendants. The complaint alleged defendants owed over $107,000 in past-due rent. It further alleged T-A Fashion's representative had personally served Ulkarim with a three-day notice to pay rent or quit the property.

In December 2022, T-A Fashion filed an amended complaint alleging defendants owed over $119,000 in past-due rent. The amended complaint attached a proof of service asserting T-A Fashion's representative personally served Ulkarim with a second three-day notice in late November 2022.

In February 2023, defendants moved for summary judgment. Defendants argued (1) the second three-day notice was served at an address inconsistent with notice requirements in the lease, (2) the second three-day notice failed to account for holidays and weekends, and (3) the original complaint was prematurely filed before any effective three-day notice had expired. The motion was set for hearing on March 8, 2023.

On February 16, 2023, the court held a final status conference. The proceeding was not reported. Pursuant to California Rules of Court, rule 3.1351(b) and (c), T-A Fashion was permitted to oppose the motion orally at the March 8 hearing, or in writing on or before the day of the hearing. At the final status

conference, the parties stipulated that T-A Fashion intended to file a summary judgment motion and that it would also be heard on March 8, 2023; the deadline for T-A Fashion to respond to Megna's discovery requests would be February 21, 2023; and the trial would be continued to the first available date after March 8, 2023.

On February 28, 2023, T-A Fashion filed a request for dismissal of its action without prejudice pursuant to Code of Civil Procedure section 581, subdivision (b)(1).[1] The dismissal was entered the same day.

In March 2023, defendants filed a motion to vacate T-A Fashion's voluntary dismissal and asked the court to enter a dismissal with prejudice. Defendants acknowledged a plaintiff may voluntarily dismiss its complaint under section 581, subdivision (b)(1), before trial begins. Nonetheless, defendants argued voluntary dismissal is not permitted when an entry of judgment in favor of the defendant is a mere formality. Defendants relied on *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187 (*Franklin Capital*), which held that when a case is voluntarily dismissed "(a) in the light of a public and formal indication by the trial court of the legal merits of the case, or [¶] —(b) in the light of some procedural dereliction by the dismissing plaintiff that made dismissal otherwise *inevitable*, then the voluntary dismissal is ineffective." (*Id.* at p. 200.)

Defendants argued the trial court had addressed the merits of T-A Fashion's claims during the unreported final status conference. Defendants' counsel submitted a declaration attesting that the court had indicated its "tentative ruling was to

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

3

grant the motion for summary judgment," and purported to recount the court's explanations. According to the declaration, "[t]he Court concluded that probably as a matter of law, Defendant's motion for summary judgment would be entitled to succeed." Defendants also argued dismissal was inevitable because there were three "uncorrectable defects" in T-A Fashion's case. Defendants sought attorney fees pursuant to a prevailing party provision in the lease.

T-A Fashion opposed defendants' motion to vacate. It argued that a judge's statements in an unreported status conference are not sufficiently formal or public to make a subsequent voluntary dismissal ineffective. T-A Fashion also contended "procedural dereliction" requires some sort of failure through inaction, which *Franklin Capital* described as including a failure to timely amend the complaint after a demurrer was sustained, or a failure to timely respond to a summary judgment motion. T-A Fashion argued the procedural errors identified in defendants' summary judgment motion differed from those described in *Franklin Capital*. T-A Fashion further opposed defendants' motion for fees, arguing, among other things, that there is no prevailing party under Civil Code section 1717, subdivision (b)(1), when a case is voluntarily dismissed.

At the March 30 hearing, the trial court indicated defendants had "stretched the facts" and rejected defendants' argument that dismissal was inevitable after the final status conference. The court disagreed with defendants' counsel's recitation and interpretation of what transpired during the final status conference, stating that it "never said [T-A Fashion was] absolutely going to lose . . . ." The court further explained its recollection of the proceeding: "Nobody came up with what the

4

Court had noted. And both of you were told to go back to the drawing board and discuss this tentative ground for a possible dismissal that nobody had talked about. I couldn't have entered a dismissal of anything with prejudice on some new ground that nobody had ever thought about. So it was totally in the air. [¶] And the problem that I detected that nobody else had noticed was that the lease called for all notices to go to the premises, and nobody had done that. . . . So you were all bickering about issues that I thought might tentatively be important, but nobody had briefed these things. So you were told, go back and look at all of these issues and then we'll see where we are."[2]

The court denied defendants' motions to vacate and for attorney fees. Megna timely appealed.[3]

## DISCUSSION

I. **The Trial Court Did Not Err in Denying Defendants' Motion to Vacate T-A Fashion's Voluntary Dismissal**

A. **Appealability**

T-A Fashion previously filed a motion to dismiss the appeal on the ground that the order denying the motion to vacate is not appealable. Although an order entered after a voluntary dismissal is not appealable as an order entered after a judgment under section 904.1, subdivision (a)(2), we concluded the order is appealable as a final judgment pursuant to section 904.1, subdivision (a)(1), because it "constituted the final determination of the issues in this case." (*Mesa Shopping Center-East, LLC v. O*

---

[2] As Megna notes on appeal, it appears that the issue the court referred to was, in fact, raised in defendants' summary judgment motion.

[3] Ulkarim has not appeared on appeal.

5

*Hill* (2014) 232 Cal.App.4th 890, 899 (*Mesa*).) We therefore denied T-A Fashion's motion to dismiss the appeal.

In its appellate briefing, T-A Fashion repeats verbatim the arguments it made in the motion to dismiss. T-A Fashion additionally contends *Mesa* is distinguishable because it involved a voluntary dismissal that was entered only after the issuance of a prior ruling denying a preliminary injunction and an arbitration award in the defendants' favor. We disagree. The *Mesa* court's reasoning was based on the conclusion that there was "nothing interlocutory about the court's rulings" denying the motion to vacate the voluntary dismissal and request for attorney fees, and the appeal challenged an "adverse judicial ruling ending the action and [the defendants'] right to seek attorney fees." (*Mesa*, *supra*, 232 Cal.App.4th at p. 899.) Similarly, here, the trial court's ruling ended the action, cut off Megna's right to seek attorney fees, and was a final determination of the issues in the case. We again reject T-A Fashion's contention that the orders at issue here are nonappealable.

Further, even if the orders were not appealable, we would exercise our discretion to treat the appeal as a petition for writ of mandate. (*Mesa*, *supra*, 232 Cal.App.4th at p. 899.)

**B.      Applicable law and standard of review**

Section 581, subdivision (b)(1) allows a plaintiff to dismiss an action voluntarily "at any time before the actual commencement of trial . . . ." The "right to a voluntary dismissal pursuant to [section 581, subdivision (b)(1)] appears to be absolute. [Citation.] Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action." (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784 (*Wells*).)

6

However, courts have reasoned the term "trial" in section 581, subdivision (b)(1), " 'cannot be restricted in its meaning to trials of the merits after answer . . . .' " (*Wells*, *supra*, 29 Cal.3d at p. 785.)  Rather, courts deem trial to have commenced when the entry of judgment is a "mere formality." (*Zapanta v. Universal Care, Inc.* (2003) 107 Cal.App.4th 1167, 1174 (*Zapanta*); *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253, 257 (*Cravens*).)  The court in *Franklin Capital*, *supra*, 148 Cal.App.4th 187, distilled the case law analyzing this threshold into two categories, explaining that a plaintiff may not voluntarily dismiss an action after (1) the court has publicly and formally articulated a tentative or actual ruling on the merits, or (2) the plaintiff has committed "some procedural dereliction" that made dismissal inevitable.  (*Id.* at p. 200.)

Our standard of review is de novo, as we are applying section 581, subdivision (b)(1) to undisputed facts.  (*Zapanta*, *supra*, 107 Cal.App.4th at p. 1171; *Groth Bros. Oldsmobile v. Gallagher* (2002) 97 Cal.App.4th 60, 65 (*Groth Bros.*).)[4]

C.      **Megna has not established the trial court made a public and formal indication as to the merits of its summary judgment motion**

Megna argues dismissal of T-A Fashion's lawsuit was a mere formality based on a tentative ruling the trial court

_____

[4]      T-A Fashion contends the appropriate standard of review is abuse of discretion, citing case law addressing section 473, subdivision (b).  However, defendants' motion to vacate was not brought under section 473.  T-A Fashion has not provided any reasoned argument to explain why the abuse of discretion standard applicable to section 473 motions should apply to our review of the trial court's ruling on a motion to vacate a voluntary dismissal.

7

announced in open court during the final status conference.  We find no basis for reversal.

A plaintiff may not voluntarily dismiss a lawsuit under section 581, subdivision (b)(1) after the trial court makes a "public and formal indication . . . of the legal merits of the case . . . ." (*Franklin Capital*, *supra*, 148 Cal.App.4th at p. 200.) According to a declaration filed by defendants' counsel, during the final status conference, the trial court "indicated that its tentative ruling was to grant the motion for summary judgment." However, the proceeding was not reported and there was no written tentative.  The only report of a tentative ruling comes from defendants' counsel's declaration.  Yet, at the hearing on the motion to vacate, T-Fashion's counsel *and* the trial court indicated defendants' counsel's declaration was inaccurate or mischaracterized the proceedings.  The trial court indicated it did not make any definitive statements about the merits of defendants' summary judgment motion, rather, it raised a potentially dispositive issue it believed the parties had overlooked and asked them to consider it further.  Without a reporter's transcript, we must presume that what occurred at the final status conference supports the trial court's ultimate order. (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9.)

Moreover, a court's preliminary discussion of the merits of a case, adverse to the plaintiff, will not necessarily cut off the plaintiff's statutory right to voluntarily dismiss an action. Instead, as the *Franklin Capital* court recognized in its analysis of the then existing case law, it is a "public and formal indication by the trial court of the legal merits of the case" that terminates the right to dismiss.  (*Franklin Capital*, *supra*, 148 Cal.App.4th at p. 200.)  That indication occurred in cases such as *Groth Bros.*,

8

*supra*, 97 Cal.App.4th 60, and *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765 (*Mary Morgan*), when the trial court issued a formal tentative ruling adverse to the plaintiff.  In contrast, in *Datner v. Mann Theatres Corp.* (1983) 145 Cal.App.3d 768, 771, the trial court made a statement to counsel during an unreported chambers conference conveying a tentative decision that the defendant's pending demurrer was meritorious. The *Datner* court held the tentative decision did not create a bar to voluntary dismissal.  As the *Franklin Capital* court reasoned, the trial court's statement in *Datner* was not a "formal indication," unlike the tentative ruling in *Groth Bros.*, which was "a formally posted tentative for the world to see."  (*Franklin Capital*, at p. 201.)

Here, even if the trial court's statements could be construed as a tentative ruling, they lacked the formality or definitiveness that would be necessary to cut off T-A Fashion's statutory right to voluntarily dismiss the case.  The court's statements were made only verbally.  They occurred before any opposition to the motion for summary judgment was filed or due.  Further, the court's statements were made at a final status conference at which the motion for summary judgment was not being formally considered. In the court's view, at least, it was not expressing a formal tentative ruling on the merits of defendants' summary judgment motion.  The *Franklin Capital* court's qualification is apt here that "[i]t is stretching things a wee bit to say that a trial court's *tentative* ruling means that an adverse judgment is a 'mere formality' which must *inevitably* ensue . . . ."  (*Franklin Capital*, *supra*, 148 Cal.App.4th at p. 202.)

Megna argues the court's indication "need not be in writing or posted," and contends statements made in court are "presumed

9

to be formal." However, the case law it cites only indicates "[o]ral statements *of counsel* may be treated as judicial admissions" in certain circumstances. (*People v. Jackson* (2005) 129 Cal.App.4th 129, 161, italics added.) This standard has no bearing on the formality of a court's statement during an unreported status conference. We conclude that even if the trial court announced a verbal tentative during the conference, its statement was not sufficiently "public and formal" to bar T-A Fashion's statutory right to voluntary dismissal. (*Franklin Capital*, *supra*, 148 Cal.App.4th at p. 200.)

Megna's reliance on *Mary Morgan* is misplaced. In *Mary Morgan*, the trial court issued a tentative ruling granting the defendants' motions for summary judgment and began the hearing on the matter. The plaintiff requested a continuance to gather and review newly available evidence essential to its opposition, pursuant to section 437c, subdivision (h).[5] (*Mary Morgan*, *supra*, 49 Cal.App.4th at p. 768.) The court granted the request. However, rather than filing further opposition, the plaintiff filed a request for dismissal without prejudice. (*Ibid*.) At the continued summary judgment hearing, the trial court struck the request for dismissal and granted the summary judgment motions. (*Id*. at pp. 768–769.)

The appellate court affirmed, recognizing that section 437c, subdivision (h), had allowed the plaintiff to effectively "compel a

---

[5] Section 437c, subdivision (h) provides that if any party opposing summary judgment submits an affidavit claiming "facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just."

continuance," but the continuance was "for a particular purpose—production of opposition evidence," and was not a license to "defeat the motion by collateral maneuvers." (*Mary Morgan*, *supra*, 49 Cal.App.4th at p. 771.) The court concluded allowing the plaintiff to voluntarily dismiss by forcing a continuance after the hearing had already begun would "eviscerate the summary judgment procedure . . . ." (*Ibid*.) In contrast, here, when T-A Fashion filed the voluntary dismissal, it had not yet filed an opposition to the summary judgment motion, the hearing on the motion was over two weeks away, and there was no similar tentative ruling issued. Indeed, the *Mary Morgan* court narrowly framed the issue before it as "whether a voluntary dismissal is permitted after a summary judgment hearing has commenced and is continued to permit the gathering of previously unavailable opposition evidence." (*Id.* at p. 770.) That was not the situation in this case.

### D. Megna has not identified any dispositive procedural inaction barring T-A Fashion's statutory right to voluntarily dismiss

Megna contends dismissal was a mere formality because the procedural defects it had identified in its summary judgment motion relating to T-A Fashion's three-day notice rendered the action indisputably and fatally flawed. We disagree that this lack of substantive merit made entry of judgment a "mere formality" so as to cut off T-A Fashion's ability to dismiss.

As the *Franklin Capital* court observed, courts have found plaintiff's right to voluntarily dismiss under section 581, subdivision (b)(1) is extinguished after dismissal has become legally inevitable "based on dispositive procedural inaction by the plaintiff (like not filing opposition to a summary judgment motion

11

or not bringing the case to trial in five years) . . . ." (*Franklin Capital*, *supra*, 148 Cal.App.4th at p. 201.) Examples of dispositive procedural inaction include failure to timely oppose a summary judgment that negated the plaintiff's claims, entitling defendants to summary judgment as a matter of law (*Cravens*, *supra*, 52 Cal.App.4th at p. 257), failure to bring a case to trial within five years, requiring dismissal pursuant to section 583.360 (*M & R Properties v. Thomson* (1992) 11 Cal.App.4th 899, 903), and failure to timely pay required transfer fees, requiring dismissal under former section 581b (*London v. Morrison* (1950) 99 Cal.App.2d 876, 879–880). In each of these situations, the plaintiff failed to act or comply with procedural requirements in a manner that made dismissal inevitable, for reasons unrelated to the underlying merits or substantive issues in the case.

There was no such procedural inaction in this case. As the court explained in *Zapanta*, at the summary judgment stage, a plaintiff retains the statutory right to voluntarily dismiss if the opposition is not past due, the court has not held a hearing on the motion, and the court has not issued a tentative decision. (*Zapanta*, *supra*, 107 Cal.App.4th at pp. 1173–1174.) In such circumstances, the matter has "not yet reached a stage where a final disposition [is] a mere formality." (*Ibid*.) As in *Zapanta*, here, T-A Fashion voluntarily dismissed before its opposition to defendants' summary judgment motion was due, before the hearing on the motion, and before the court issued a tentative ruling. At this stage, T-A Fashion retained its statutory right to dismiss. (*Id*. at p. 1174.)

Megna contends certain procedural issues with T-A Fashion's service of the three-day notice amount to "procedural dereliction" under *Franklin Capital*. Not so. The procedural

12

issues of which Megna complains are rooted in T-A Fashion's alleged affirmative acts of improperly serving the three-day notice and prematurely filing the underlying lawsuit. These arguments formed the basis of defendants' motion for summary judgment. T-A Fashion had the right to oppose the motion with disputed facts or legal authority rebutting defendants' arguments. The trial court would have been required to evaluate the merit of those arguments before granting summary judgment and dismissing the action. No "procedural inaction" made dismissal inevitable. (*Franklin Capital*, *supra*, 148 Cal.App.4th at p. 201; *Zapanta*, *supra*, 107 Cal.App.4th at pp. 1173–1174.)

## II. Megna Has Not Established It is Entitled to Attorney Fees

Megna also contends the trial court erred in denying its motion for attorney fees. However, Megna's arguments are entirely contingent on the success of its claim that the trial court erred in denying its motion to vacate. As discussed above, we conclude the trial court properly denied that motion. We must therefore reject Megna's argument regarding attorney fees.

13

## DISPOSITION

The order is affirmed.  Respondent to recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.