Filed 7/24/19

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GREGORY A. COLE, | B292331 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC466925) |
| v. | |
| BETTY HAMMOND et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maria E. Stratton, Judge. Reversed and remanded with instructions.

Solomon T. Harris for Defendants and Appellants.

Gieleghem Law Office and Neil Gieleghem for Plaintiff and Respondent.

_____

* Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part I of the Discussion section.

# INTRODUCTION

In a prior action, Neil Gieleghem and respondent Gregory Cole, both attorneys, obtained a $500,000 judgment against Anthony Sheen, a landlord, based on unpaid fees for legal services they rendered to Sheen. In satisfaction of that judgment, Cole and Gieleghem obtained an assignment of rent from Sheen for a residential property.

Appellants Betty and Ruth Hammond (the Hammonds) were Sheen's tenants. Cole and Gieleghem demanded that the Hammonds pay their rent directly to them pursuant to the assignment. The Hammonds refused, and Cole sued, alleging breach of contract and related claims. Gieleghem appeared as Cole's attorney in the lawsuit.

A few months after the initiation of the lawsuit in 2011, the Hammonds began paying their rent to Cole and Gieleghem. After the parties conducted some initial discovery, the case languished for several years. In January 2018, the Hammonds moved for mandatory dismissal of the action for failure to bring the case to trial within five years, pursuant to Code of Civil Procedure section 583.360.[1] A mandatory dismissal would be considered a determination on the merits entitling the prevailing party to attorney fees under Civil Code, section 1717. However, at the hearing on the motion, Cole sought to voluntarily dismiss the case without prejudice pursuant to section 581, subdivision (b)(1). The court granted Cole's oral motion and dismissed the case. The court subsequently denied the Hammonds' motion to vacate the dismissal. This appeal followed.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

The parties dispute whether this appeal is timely. We conclude that it is. Substantively, the Hammonds contend the trial court erred in granting Cole's motion for voluntary dismissal, arguing that they had the right to a mandatory dismissal and the resulting attorney fees. We agree and therefore reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

### I. *Underlying Dispute*

The Hammonds are elderly sisters who rented a residence on South Spaulding Avenue in Los Angeles, California (the Spaulding property). They originally signed a monthly rental agreement in 2001 with owner Dolores Quinlock Sheen. After she died, the Spaulding property became an asset of a trust (the Sheen trust), for which Anthony Sheen served as the trustee.

As trustee, Sheen was involved in multiple probate lawsuits that arose out of disputes related to the trust estate. Cole and Gieleghem provided legal services to Sheen in connection with the probate litigation. In January 2009, Cole and Gieleghem sued Sheen for unpaid attorney fees. That matter, *Cole v. Sheen* (LASC Case No. LC084204) (the fees action), resulted in a judgment against Sheen and in favor of Cole and Gieleghem for almost $500,000.

On July 26, 2011, the court in the fees action granted an ex parte application submitted by Cole and Gieleghem ordering Sheen to "assign immediately to Judgment Creditors any and all interest the Judgment Debtor has in, and any payments made in connection with, the following assets of the Sheen Trust to the extent necessary to satisfy" the judgment against Sheen (the assignment order). As relevant here, the court ordered Sheen to

3

assign "[a]ll rents from the tenants" of the Spaulding property, starting July 1, 2011.

Gieleghem notified the Hammonds of the assignment order in a letter dated July 26, 2011. He further stated that under the assignment order, the Hammonds were "legally required to pay all rents . . . to Judgment Creditors, rather than to the Trustee/landlord." The Hammonds contend they responded by asking Cole and Gieleghem for verification of their right to receive the rent, but that request was refused. The Hammonds also contacted Sheen and his attorney for instructions on how to proceed.

The parties do not dispute that at the end of July 2011, the Hammonds paid their August rent of $1,400 to Wells Fargo (as a purported superior lienholder) at the direction of Sheen's attorney. The following two months, the Hammonds paid their rent to the Sheen trust, at Sheen's direction. From November 2011 onward, they paid their rent to Cole and Gieleghem.

## II. *Cole's Lawsuit Against the Hammonds*

After the Hammonds failed to pay their August 2011 rent to Cole and Gieleghem, Cole filed the instant lawsuit on August 4, 2011, alleging claims against the Hammonds for breach of contract and common counts. Gieleghem appeared on the complaint as the attorney of record for Cole, not as a party.[2] In the complaint, Cole alleged that the rents on the Spaulding property were assigned to him pursuant to the assignment order, that the Hammonds were given notice of that order at the time,

---

[2] In response to the Hammonds' claim that he was an indispensable party, Gieleghem asserted that he assigned his interest in the judgment at issue to Cole three days before filing this lawsuit.

but they "failed and refused to pay said rents to Cole." He alleged damages of $495,025, the full amount of the judgment against Sheen in the fees action.

The Hammonds, in propria persona, filed a general denial, contending that their "contract is with the landlord," and "[u]nless Court tells us otherwise payment goes to landlord."

In September 2011, Cole filed a notice of related case, listing the fees action as potentially related to the instant case. The court issued a minute order relating the cases on November 3, 2011. The court noted that the fees action was previously related to the probate case, with the latter designated as the lead case. The court found that the current case against the Hammonds was "an action to enforce the same order" at issue in the fees action. Thus, the court concluded that the cases were related within the meaning of California Rules of Court, rule 3.300,[3] "since the claims arise out of an order issued by the probate court and concern the same claim against Trust property."

The parties began discovery. Cole deposed the Hammonds in late 2011 and conducted a physical inspection of their unit in April 2012.[4] In January 2013, Cole filed a substitution of attorney, stating that he would represent himself. Cole took no further action in this matter until 2018, after the Hammonds filed the motion giving rise to the instant appeal.

### III. *Motion to Dismiss*

In January 2018, the Hammonds filed a motion to dismiss for failure to bring the matter to trial within five years, pursuant

---

[3] All further references to court rules are to the California Rules of Court unless otherwise indicated.

[4] The Hammonds retained counsel in October 2011.

5

to section 583.360. They pointed out that the case had been pending since August 2011, no actions had been taken since early 2013, and no trial date was set. They also declared that the parties had not stipulated to extend the five-year deadline, and the case had never been stayed. The Hammonds therefore argued that dismissal was mandatory under section 583.360. The motion was set for hearing on March 28, 2018.

On March 15, 2018, Cole filed an opposition to the motion to dismiss, with Gieleghem purporting to act as Cole's attorney. In the opposition, Cole argued that appeals filed in the related cases operated to stay all of the cases related to the Sheen trust, including this case. Cole's motion included a list of nine appeals, "at least four (4)" of which "were pending during part of the time period at issue on Defendants' Motion." The four purportedly relevant appeals listed by Cole included one from the fees action and three from the probate litigation. Cole asserted that stays in those cases operated to toll the expiration of the five-year period in this case.

The Hammonds filed their reply on March 21, 2018. They objected that the opposition was untimely and that Gieleghem was no longer counsel of record. They also argued that none of the appeals operated to stay their case. Moreover, they noted that only one of the listed appeals was even "superficially related" to the instant case and would not allow Cole to avoid the application of the five-year rule.

Cole appeared without counsel at the March 28, 2018 hearing.[5] At the start of the hearing, Cole told the court that he

---

[5] Cole did not offer an explanation at the hearing for his counsel's failure to appear, nor did he request to represent himself despite filing an opposition brief through counsel.

6

wanted to file a voluntary request for dismissal of the case.  The court suggested that Cole "make an oral motion and I will grant it."  After Cole confirmed his desire to "voluntarily dismiss this action," the court stated it was granting Cole's motion and dismissing the case without prejudice.  Counsel for the Hammonds objected that the dismissal was without prejudice and noted that the "court should be concerned about abuse of process."

There is no record of a written order entered as a result of this hearing, or any notice of entry of such an order served on the Hammonds.  Instead, Cole submitted a form request for voluntary dismissal without prejudice on March 28, 2018.  The form was signed by Cole (not Gieleghem).  The request was served on the Hammonds on March 28, 2018.  The dismissal was entered and filed by the court on May 8, 2018.

**IV**.  ***Motion to Vacate Prior Order of Dismissal***

On May 9, 2018, the Hammonds filed a motion to "vacate, set aside, and correct the court's March 28, 2018 – announced [*sic*] order granting plaintiff's request to dismiss this case."  They argued that they were entitled to attorney fees under Civil Code, section 1717, pursuant to the prevailing party provision in their lease and that Cole's oral motion to dismiss was an attempt to avoid those fees.  Further, they contended that they were entitled to mandatory dismissal and that Cole therefore no longer had the right to voluntarily dismiss his case.

---

Unsurprisingly, given the shifting appearances between Cole and Gieleghem in this case, the court may have incorrectly believed Cole was counsel rather than a party, as the judge remarked during the hearing that Cole had to submit a filing electronically "because you're counsel."  Cole did not correct this statement.

7

Gieleghem, once again appearing as counsel for Cole, filed an opposition to the motion on May 24, 2018. Cole argued that the motion was "mis-captioned" as a motion to vacate, and was instead an improper motion for reconsideration that did not meet the requirements of section 1008. Specifically, he contended the motion was untimely and did not set forth any new facts or law justifying reconsideration. He also asserted that he had "an absolute right to dismiss the case" and requested sanctions against the Hammonds and their counsel. He also contended that he dismissed the case (in 2018) because "his litigation objectives had been met" – specifically, once the Hammonds started paying the rent to him (in 2011), "there was no need to continue to actively litigate the case."

In their reply, the Hammonds argued that their motion was proper as a request for the court to vacate and correct the judgment pursuant to sections 663 and 473, subdivision (d). They also argued that the motion was timely under section 1008, as they had never been served written notice of entry of the court's March 28, 2018 order, and was based on new facts and circumstances given Cole's oral motion for voluntary dismissal at the hearing on their motion for mandatory dismissal. In addition, they pointed out that Cole failed to address their principal argument that their right to mandatory dismissal cut off his right to voluntarily dismiss the case.

Gieleghem appeared as counsel for Cole at the hearing on the motion to vacate, on June 6, 2018. Defense counsel objected to his appearance. Gieleghem stated that he was counsel of record "because I filed pleadings in this case, in fact, the opposition to this motion." The court accepted Gieleghem's statement that he was "now in for all purposes."

8

The court denied the Hammonds' motion in a written ruling on June 13, 2018. The court concluded there were insufficient grounds "to either vacate or reconsider defendants' previous motion to dismiss. Plaintiff's voluntary dismissal without prejudice was not precluded by defendants' pending and un-decided motion to dismiss." The court found that "[i]n reality, defendants are moving for reconsideration" under section 1008, but that they "failed to show new or different facts, circumstances, or law.

Further, the court rejected the Hammonds' argument that they had a superior right to mandatory dismissal. The court cited a line of cases it read as holding that a plaintiff retained a right to dismiss the action in the face of a pending dispositive motion, before any ruling thereon, as long as the plaintiff did so "for a valid independent reason" and not as a "tactical ploy." The court continued, "When this court heard defendant's [*sic*] motion to dismiss on March 28, 2018, the court had not issued a tentative ruling or any sort of disposition. That lack of ruling is important in determining this motion to vacate, set aside, or correct. Plaintiff was not precluded from moving for a voluntary dismissal without prejudice. Had the court issued some sort of ruling, plaintiff would then have been cutoff." The court also denied Cole's request for sanctions. The court ordered Cole to submit a proposed order within five court days.

The court signed the order submitted by Cole on June 27, 2018. Cole served a notice of entry of order on the Hammonds on July 1, 2018. The Hammonds filed their notice of appeal on August 30, 2018.

**DISCUSSION**

The parties raise two issues on appeal. First, Cole asserts that the appeal is untimely and moves to dismiss it on that basis. Second, the Hammonds argue the trial court erred in granting Cole's motion for voluntary dismissal and denying their motions for mandatory dismissal and to vacate the prior order. We agree with the Hammonds that the appeal is timely and, substantively, that the trial court erred. We therefore reverse.

**I.     *Timeliness of the Appeal***

A.     *Background*

Our analysis of the timeliness issue requires a brief recitation of the convoluted procedural history leading to the Hammonds' appeal.

At the March 28, 2018 hearing on the Hammonds' motion for mandatory dismissal, the trial court granted Cole's oral motion for voluntary dismissal and ordered the case dismissed without prejudice. There is no evidence in the record that the court entered a written order of dismissal or that notice of entry was served on the Hammonds. Instead, on the same day, Cole submitted to the clerk a form request for voluntary dismissal without prejudice.[6] That dismissal was entered and filed by the

---

[6]Although we need not reach this issue in resolving the Hammonds' appeal, we note that they challenge the validity of Cole's oral motion to dismiss as well as his subsequent form request based on several purported deficiencies. First, Cole appeared on his own behalf, sought a voluntary dismissal, and then filed the form request himself, despite the reappearance of Gieleghem as his counsel in filing the opposition to the motion to dismiss a few weeks prior. (See §§ 284, 285, 581, subd. (j).) Second, in his form request for dismissal, Cole checked the box indicating he was filing as counsel, rather than as a party, and

clerk on May 8, 2018.  Once again, there is no record that the Hammonds were served with notice of entry of this dismissal.

The court did enter a written order denying the Hammonds' motion to vacate the voluntary dismissal on June 27, 2018.  Cole served the Hammonds with notice of entry of that order on July 1, 2018.[7]

In their notice of appeal, filed August 30, 2018, the Hammonds indicated that they were appealing from the following orders:  (1) the March 28, 2018 order granting Cole's motion to dismiss; (2) the May 8, 2018 entry of voluntary dismissal; and (3) the July 1, 2018 notice of entry of order denying the Hammonds' motion to vacate.

Cole filed a motion to dismiss the appeal, incorporating by reference the argument from his respondent's brief that the appeal was untimely under rule 8.108.  The Hammonds opposed the motion and also requested oral argument on this issue.  We deferred the ruling on the timeliness of the appeal to the panel.  On July 3, 2019, we sent a letter to the parties directing them to focus their presentation during oral argument on the substantive issue in the appeal.

---

similarly signed the proof of service declaring that he was "not a party to the within action."  Cole did not respond to these issues in his briefing on appeal.

[7] The Hammonds contend that the operative date should be July 2, 2018, the date this notice of entry was filed, rather than July 1, the date reflected on the proof of service.  The deadlines under both rule 8.104 and 8.108 run from the date of service.  Therefore, the operative date was July 1, 2018, the date the notice of entry was served on the Hammonds.

11

B.    *Analysis*

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional.  [Citation.]  If a notice of appeal is not timely, the appellate court must dismiss the appeal." (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582; see also rule 8.104(b) ["[N]o court may extend the time to file a notice of appeal.  If a notice of appeal is filed late, the reviewing court must dismiss the appeal."].)

Rule 8.104(a)(1) contains the applicable time period for filing a notice of appeal.  It provides that a notice of appeal must be filed "on or before the earliest of . . . (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or (C) 180 days after entry of judgment." For purposes of these deadlines, the word "'judgment' includes an appealable order if the appeal is from an appealable order."  (Rule 8.104(e).)

Cole argues that the applicable date for calculating the deadline to appeal is July 1, 2018, the date he served the notice of entry of the court's order denying the motion to vacate.  He further acknowledges that "if calculated from that July 1, 2018 date, an appeal filed on August 30, 2018 would be timely" under rule 8.104(a)(1)(B).  He contends, however, that instead of the standard 60-day deadline under this rule, the Hammonds had only 30 days to appeal from the court's June 27, 2018 order. Relying on rule 8.108(e)(1), he argues that "[w]hen a party files a valid motion for reconsideration, and the court denies the same, the deadline for appeal is 30 days (not 60 days)."  He further claims the result would be the same if the Hammonds' motion were construed as a motion to vacate, citing rule 8.108(c).

12

This argument is meritless. Rule 8.108 expressly operates to *extend* the time to appeal, not limit it. Thus, rule 8.108(c) provides: "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files … a valid motion [ ] to vacate the judgment, the time to appeal from the judgment is extended … until the earliest of: (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order…." Rule 8.108(e) applies the same language to motions to reconsider an appealable order. Cole also ignores the plain language of rule 8.108(a): "This rule operates only to extend the time to appeal otherwise prescribed in rule 8.104(a); it does not shorten the time to appeal. If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs."

Cole concedes that the Hammonds filed their appeal within 60 days of the service of notice of entry on July 1, 2018. The appeal is timely under the 60-day limit in rule 8.104(a)(1)(B).[8] The prior dismissal orders of March 28 and May 8, 2018 as the underlying appealable orders. (See *Mesa Shopping Center-East, LLC v. O Hill* (2014) 232 Cal.App.4th 890, 898 [holding that voluntary dismissal and order denying motion to vacate dismissal

_____

[8]We also reject Cole's suggestion that this court's prior denial of a writ petition filed by the Hammonds as untimely somehow operates to bar this appeal as well. The Hammonds filed their petition for writ of mandate on September 24, 2018. We denied that petition as untimely, as it was filed more than 60 days after the July 1, 2018 service of the notice of entry. Of course, the notice of appeal at issue here was filed almost a month earlier, on August 30, 2018, and therefore does not suffer from the same defect.

13

were "appealable as a judgment and orders attached thereto"]; see also § 581d [dismissals ordered by the court must be by written order and constitute a judgment when filed].) The Hammonds were not served with notice of entry of either order; thus the time to appeal runs 180 days from the date of entry. (Rule 8.104(a)(1); see also *Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399 [requiring service of notice of entry of the order "as contemplated by the rules governing the timeliness of appeals"].)

Because the Hammonds filed their appeal within 180 days after entry of the earliest order, on March 28, 2017, as well as within 60 days of the service of a notice of entry on July 1, 2018, that appeal was timely under rule 8.104(a). Thus, the extension provisions of rule 8.108 are inapplicable. Cole's motion to dismiss is therefore denied.

## II.    *Court Order Granting Voluntary Dismissal*

The Hammonds contend that their right to a mandatory dismissal for lack of prosecution prevails over Cole's right as a plaintiff to a voluntary dismissal and therefore that the trial court erred in granting Cole's motion to dismiss and denying theirs. We agree.

Our review is principally one of the application of law to the facts, and is therefore de novo. (See *Zapanta v. Universal Care, Inc.* (2003) 107 Cal.App.4th 1167, 1171; *Groth Bros. Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60, 65.) We review any factual findings by the trial court for substantial evidence. (See *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874.)

A plaintiff's right to voluntary dismissal is governed by section 581, subdivision (b)(1): "An action may be dismissed in

14

any of the following instances. . . . With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial."

But "[t]he right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute." (*Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1402.) There are statutory exceptions to a plaintiff's right of voluntary dismissal, and "other limitations have evolved through the courts' construction of the term 'commencement of trial.'" (*Ibid.*) The meaning of the term "trial" is not restricted to jury or court trials on the merits, but includes other procedures that "effectively dispose of the case." (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785 (*Wells*).)

One such disposition is the defendant's right to dismissal due to a plaintiff's failure to prosecute the case. Section 583.310 requires that "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." A defendant's right to dismissal after expiration of the five-year period is set forth in section 583.360, which provides: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed by this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." "Thus, unless some specified exception applies, a trial court has a mandatory duty to dismiss an action and a defendant has an absolute right to obtain an order of dismissal, once five years has elapsed from the date the action

15

was commenced." (*M&R Properties v. Thomson* (1992) 11 Cal.App.4th 899, 902–903 (*M&R*).)

The issue, then, is to ascertain the point at which a plaintiff loses the right to voluntarily dismiss a case in the face of a defendant's motion for mandatory dismissal under section 583.360. We find the discussion in *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187 (*Franklin*) instructive. In *Franklin*, the court reviewed an exhaustive list of cases addressing the issue of "when—and when not—a plaintiff's statutory right to dismiss pursuant to section 581, subdivision (b)(1) is cut off by the presence of some impending 'dispositive' procedure." (*Id*. at p. 194.) To harmonize the results, the court adopted a "mere formality" test. Under that test, a voluntary dismissal is ineffective if there has been either: (1) "public and formal judicial expressions of the merits of a case in the context of a substantively dispositive proceeding" or (2) "some procedural dereliction by the dismissing plaintiff that made dismissal otherwise inevitable" (*Id*. at p. 200, 202.)

Under the first prong of this test, therefore, a plaintiff's voluntary dismissal would be valid if, for example, it was filed while a motion for summary judgment was pending but the court had not yet issued a tentative or final ruling. (See, e.g., *Zapanta v. Universal Care, Inc.*, *supra*, 107 Cal.App.4th at pp. 1173–1174.) The plaintiff's right to dismiss would be cut off, however, if the court had issued a tentative or final ruling on a dispositive motion. (See *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765 [adverse tentative summary judgment ruling]; *Groth Bros. Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60 [tentative ruling to sustain demurrer without leave to amend].)

16

Under the second prong of the test, the cases considered instances of "legal inevitability of dismissal based on dispositive procedural inaction by the plaintiff (like not filing opposition to a summary judgment motion or not bringing the case to trial in five years)." (*Franklin, supra*, 148 Cal.App.4th at p. 201; see also *Cravens v. State Bd. of Equalization* (1997) 52 Cal.App.4th 253 [plaintiff not permitted to dismiss one day prior to hearing on summary judgment motion where plaintiff failed to oppose the motion]; *Miller v. Marina Mercy Hospital* (1984) 157 Cal.App.3d 765, 770 [plaintiffs' right to dismiss terminated after defendants notified them of deemed admissions effectively disposing of the case].)

Having distilled the relevant test, the *Franklin* court turned to the facts before it. There, after plaintiff's counsel failed to appear at a mandatory settlement conference, the trial court issued an order to show cause regarding "Dismissal and/or sanctions." (*Franklin, supra*, 148 Cal.App.4th at p. 191.) Before the hearing on the order to show cause, the plaintiff filed a voluntary dismissal without prejudice. At the hearing, the court entered a dismissal with prejudice and denied the plaintiff's subsequent motion to vacate. (*Id.* at p. 192.) On appeal, the court found that the pending hearing did not cut off the plaintiff's right to voluntarily dismiss the case, as there had been no indication of the trial court's ruling and it was not inevitable that the court would dismiss the case as a result of the order to show cause. (*Id.* at p. 209.)

The *Franklin* court also cited to *M&R, supra*, 11 Cal.App.4th 899, which involved the five-year rule at issue here. In *M&R*, the defendants filed a motion to dismiss the case for failure to bring the matter to trial within five years. (*Id.* at p.

17

901.)  The plaintiffs filed a request for voluntary dismissal after the court issued a tentative ruling granting the motion and after the time for oral argument had expired, but before the dismissal order had been filed.  (*Ibid*.)  The court noted that, under section 583.360, "unless some specified exception applies, a trial court has a mandatory duty to dismiss an action and a defendant has an absolute right to obtain an order of dismissal, once five years has elapsed from the date the action was commenced."  (*Id*. at p. 903.)  As such, the court rejected the plaintiffs' contention that their right to obtain a voluntary dismissal was "superior to defendants' right to mandatory dismissal," declining "to balance the competing rights in such a fashion as to render a defendant's motion for mandatory dismissal pointless, and the ruling of the court on that motion a nullity."  (*Id*. at pp. 902–903.)  The court concluded that "a plaintiff's right to a voluntary dismissal is cut off no later than the time of a ruling effectively disposing of the case (or at the end of a time period specified in that ruling)" and "that when there is a conflict between a plaintiff's right to voluntary dismissal and a defendant's right to a mandatory dismissal, the defendant's right prevails." (*Id*. at p. 905.)[9]

Here, the trial court held that Cole retained the right of voluntary dismissal because it had not yet issued any ruling on the Hammonds' pending motion for mandatory dismissal.  In doing so, the court focused solely on the first prong of the two-part test elucidated in *Franklin*.  Considering the second prong of

---

[9] The *Franklin* court noted that the plaintiff's right in *M&R* was cut off *both* because the court had issued a ruling and because of the procedural inevitability of dismissal upon the defendant's motion to dismiss. (*Franklin, supra*, 148 Cal.App.4th at p. 204.)

18

that test, however, we conclude that the Hammonds' right to a mandatory dismissal prevails over Cole's asserted right to voluntarily dismiss the case.  As mandated under section 583.360, by the expiration of the five-year period and followed the Hammonds' filing of their motion to dismiss, dismissal was a legal inevitability.

This legal inevitability is key to the second part of the test. It is what distinguishes this case from cases—such as those cited by the trial court—upholding a motion for voluntary dismissal because it was filed when a substantive motion was pending but not yet ruled upon.  (See *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778 [valid dismissal filed before hearing on demurrer]; *Zapanta v. Universal Care, Inc.*, *supra*, 107 Cal.App.4th at pp.1173–1174 ["At the time appellants filed their [section 581] request for dismissal, the opposition to the summary judgment motion was not past due, no hearing on the motion had been held and no tentative ruling or other decision tantamount to an adjudication had been made in respondents' favor. In other words, the case had not yet reached a stage where a final disposition was a mere formality."]; *Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 910 [plaintiff's voluntary dismissal was valid after defendant filed an anti-SLAPP motion to strike but before the court ruled].)

The Supreme Court's discussion in *Wells, supra,* 29 Cal.3d 781, highlights this distinction.  In *Wells*, the court held that once a general demurrer is sustained with leave to amend and the plaintiff does not amend within the time allotted, the plaintiff can no longer voluntarily dismiss the action pursuant to section 581, even if the court has yet to enter a judgment of dismissal on the sustained demurrer.  (*Id*. at p. 789.)  The court reasoned that

19

when a "general demurrer to a petition is sustained, and the plaintiff declines to amend, . . . nothing remains to be done except to render judgment for the defendant." (*Id*. at p. 785.) Conversely, the court noted in dictum, that "such right of voluntary dismissal, which is not barred until expiration of plaintiff's time to amend after the sustaining of the demurrer, would also not be impaired prior to a decision sustaining the demurrer." (*Id*. at pp. 789–790.)

The trial court here interpreted *M&R* and the dictum in *Wells* to mean that plaintiff's right to dismiss remained viable until it issued a ruling for defendant. But such an interpretation conflicts with the cases decided under the standards articulated in the second prong of the *Franklin* test, including *Wells* itself. These cases hold that a plaintiff's right to voluntary dismissal ends when resolution in favor of the defendant is inevitable, even absent a ruling by the court. (See *Franklin, supra*, 148 Cal.App.4th at pp. 202-203 [collecting cases]; see also *Cravens v. State Board of Equalization* (1997) 52 Cal.App.4th 253, 257 [no voluntary dismissal after time to oppose summary judgment had passed]; *London v. Morrison* (1950) 99 Cal.App.2d 876 [dismissal where case ordered transferred but plaintiff's time to pay transfer fees had expired, giving defendant statutory right to dismissal].) Under section 583.360, the court is required to dismiss the action upon the expiration of the five-year period and a motion by defendant to dismiss. Once those steps have occurred, as they did here, dismissal is inevitable.

Cole argued below that mandatory dismissal was not a foregone conclusion because he presented a substantive opposition to the Hammonds' motion. In that opposition, Cole asserted that the "pendency of" appeals in other Sheen trust

20

cases "stayed trial court proceedings in the cases included in the Sheen Trust Litigation, including this case." But he has provided no evidence that this case was stayed. Further, he has cited to no authority establishing that a stay in one case automatically stays a separate, related case for the purpose of tolling the five-year limitations period. (See § 583.340 [five-year limitation excludes time during which: "(a) The jurisdiction of the court to try the action was suspended[;] (b) Prosecution or trial of the action was stayed or enjoined[;] [or] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."].)

The cases Cole cited in his opposition to the Hammonds' motion to dismiss discuss the effect of an appeal on trial proceedings in the *same* action and are thus inapplicable here. (See *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 191 [considering "whether trial court proceedings on the merits following an appeal from the denial of an anti-SLAPP motion are embraced in or affected by that appeal"]; *Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1189 [considering whether an automatic stay results when the moving party appeals from denial of a special motion to strike].)

Moreover, Cole has made no showing that the instant litigation was affected by the appeals in any of these other cases. His showing is particularly weak given the fact that only *one* of the four appeals he cites was taken in the fees action and therefore could arguably affect the assignment order. The remaining appeals were taken in the underlying probate litigation. Even assuming the running of the five-year period was tolled during the pendency of an appeal in the fees action, which Cole contends lasted 364 days between 2012 and 2013, the five-

year period would have run before the Hammonds filed their motion to dismiss in 2018.

Cole did not expressly raise this argument on appeal, apart from stating that the trial court "would have had [this argument] before it" when ruling on the motion to dismiss. His appellate brief did not present any argument or authority regarding the merits of his position that the five-year period was tolled for several years. During oral argument, Cole's counsel asserted that he did not have the opportunity to address this argument on appeal because it was not raised in the Hammonds' opening brief. That is incorrect. The Hammonds argued in their opening brief that at the time they moved to dismiss the case, the trial court's "own record facially proved" that the case had never been stayed and there was nothing to prevent mandatory dismissal. They further contended that Cole's opposition to the motion to dismiss was a "sham" and that the listed appeals in other cases did not operate to toll his five-year deadline to prosecute this lawsuit. Cole did not respond to these arguments. In any event, Cole had the opportunity to provide evidence to the trial court supporting his tolling claim and failed to do so.

Thus, Cole failed to provide any viable basis to oppose the Hammonds' motion to dismiss. Because the granting of that motion was a mere formality by the time of the hearing, Cole no longer had the right to move for a voluntary dismissal of the case.

Cole also contends that substantial evidence supports an implied factual determination by the trial court that he acted in good faith in dismissing his complaint for the "independent reason" that his litigation objectives were met. We reject this contention for several reasons. First, the record lacks substantial evidence to support a finding that Cole dismissed the case for an

independent reason.  By Cole's own admission, his litigation objective was met when the Hammonds started paying their rent directly to him in 2011, but he did not move to dismiss the case until 2018.  Second, it is not clear from the record that the trial court made such a finding.  Third, a finding that Cole acted in good faith (even if supported by the record) would not be sufficient to grant his request for voluntary dismissal in the face of the Hammonds' pending motion to dismiss under section 583.360.  We agree with the court in *Franklin* that a plaintiff's right to dismiss is not properly based on "some generalized 'unfairness' or 'good faith' test," untethered from the statutory right under section 581 to dismiss prior to commencement of trial.  (See *Franklin, supra*, 148 Cal.App.4th at pp. 208-209, discussing *Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538.)

Accordingly, we conclude that the trial court erred in denying the Hammonds' motion for mandatory dismissal pursuant to section 583.360, and instead granting Cole's motion for voluntary dismissal.  Upon remand, the Hammonds may choose to move for attorney fees based on their contention that they are the prevailing parties, pursuant to a clause in their rental agreement.  (Civ. Code, § 1717, subd. (a); see also § 1033.5, subd. (a)(10)(A).)

## DISPOSITION

The judgment is reversed.  The case is remanded with directions to vacate Cole's voluntary dismissal, grant the Hammonds' motion to dismiss, and for further proceedings consistent with this opinion.  Appellants are awarded their costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.