Filed 10/20/21  Bartel v. Am. Trading & Production Corp. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WILLARD BARTEL, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> AMERICAN TRADING & PRODUCTION CORP, et al., <br><br> Defendants and Respondents. | B308297 <br><br> (Los Angeles County Super. Ct. No. BC523534) |

APPEAL from order of the Superior Court of Los Angeles County, David S. Cunningham III, Judge. Affirmed.

Morris Law Firm, James A. Morris and Shane E. Greenberg; Motley Rice, John E. Herrick; and Jaques Admiralty Law Firm, Alan Kellman and Donald A. Krispin for Plaintiffs and Appellants.

Gordon Reese Scully Mansukhani, Andrew I. Port, Cheryl, A. Morris, and Don Willenburg for Defendants and Respondents.

## INTRODUCTION

Administrators of the estate of a deceased seaman, Carsie Fairman, and Mr. Fairman's widow (collectively, appellants) filed a wrongful death action under the Jones Act (46 U.S.C. § 30104 et seq.)[1] and general maritime law against the owners and operators of ships Mr. Fairman worked aboard (respondents). Appellants filed the action in superior court pursuant to the "saving to suitors clause," which provides state courts with concurrent maritime jurisdiction. (28 U.S.C. § 1333(1).)

Appellants appeal the dismissal of their complaint by the trial court for lack of prosecution under California Code of Civil Procedure section 583.310.[2] They contend the trial court erred in dismissing their case because the Jones Act preempts section 583.310. We hold section 583.310 is a state procedural law that neither violates a characteristic feature of the Jones Act nor interferes with the proper harmony and uniformity of that law. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2013, appellants filed a complaint against respondents under the Jones Act and general maritime law, alleging Mr. Fairman developed lung cancer caused by exposure to asbestos products while employed aboard respondents' ships. The action was stayed from January 16, 2014 until August 12, 2014 (209 days).

On July 9, 2020, six years and nine months after appellants filed the complaint, respondents moved to dismiss the complaint under section 583.310 for failure to bring the action to trial

---

1       The Jones Act authorizes a seaman who suffers personal injury during his employment to bring an action for damages. (46 U.S.C. § 30104.)

2       All further undesignated statutory references are to the Code of Civil Procedure.

within five years. Respondents noted the parties never agreed to extend the time to bring the action to trial, and appellants did nothing to prosecute the action other than depose two fact witnesses, and notice (but not take) the deposition of one other witness. Appellants opposed the motion, arguing section 583.310 is preempted by the Jones Act because it gnaws at the substantive rights guaranteed by the Jones Act. They further argued that even if section 583.310 is applicable, equitable estoppel should prevent dismissal of their complaint against the two defendants that failed to answer the complaint until more than five years after the complaint was filed.

The court heard the motion on September 1, 2020. Appellants clarified they were not arguing that the action "fall[s] with[in] any statutory exception under . . . section 583.340[.]"[3] Instead, they argued section 583.310 interferes with substantive maritime law. The court disagreed, holding: "If we apply . . . section 583.310, it will not interfere with the proper harmony and uniformity of maritime law. [¶] . . . Rules and statutes . . . to dismiss a case for failure to prosecute are procedural rather than substantive, thus, the reverse [*Erie*] doctrine would apply, and the court will adopt its tentative [to grant the motion]."

Appellants timely appeal from the court's order granting respondents' motion to dismiss appellants' complaint.

## DISCUSSION

## A.     Background Principles and Standard of Review

"Article III of the United States Constitution gives federal courts exclusive jurisdiction over all admiralty and maritime matters, but 28 United States Code section 1331(1) grants state courts concurrent jurisdiction under the so-called 'saving to

---

3      Section 583.340 lists three statutory exceptions that toll the five-year limit to bring the case to trial.

suitors clause.'" (*Price v. Connolly-Pacific Co.* (2008) 162 Cal.App.4th 1210, 1213.) "This clause provides for in personam remedies which 'means that an injured party may have claims arising from a single accident under both federal maritime and state common or statutory law. State remedies under the savings to suitors clause may be pursued in state court or, if there is a basis for federal jurisdiction, in federal court. [Citation.] A maritime claim brought in the common law state courts is governed by federal maritime law, however.' [Citation.]" (*Id.* at pp. 1213-1214.) "This is sometimes referred to as the reverse-*Erie* doctrine." (*Id.* at p. 1214, fn. omitted.)

"The *Erie* doctrine (*Erie R. Co. v. Tompkins* (1938) 304 U.S. 64 [ ]) requires that a federal court sitting in diversity jurisdiction over a state law claim must apply state substantive law in resolving a dispute. However the extent to which state law may be used to remedy *maritime* injuries is constrained by a so-called reverse-*Erie* doctrine which requires that substantive remedies afforded by the states conform to governing federal maritime standards. [Citation.]" (*Price v. Connolly-Pacific Co., supra*, 162 Cal.App.4th at p. 1214, fn. 1.) "But even when an action is founded on federal law, when brought in state court 'the law of the state controls in matters of practice and procedure unless the federal statute provides otherwise. [Citation.]'" (*Simmons v. Ware* (2013) 213 Cal.App.4th 1035, 1047, quoting *Scruton v. Korean Air Lines Co.* (1995) 39 Cal.App.4th 1596, 1603.)

The United States Supreme Court explained that in maritime cases filed in state court, a state procedural rule applies, and is not preempted by federal maritime law, unless it "'works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations.'" (*American Dredging Co. v. Miller* (1994) 510 U.S. 443, 447 [114 S.Ct. 981, 127 L.Ed.2d 285] (*American Dredging*),

4

quoting *S. Pac. Co. v. Jensen* (1917) 244 U.S. 205, 216 [37 S.Ct. 524, 61 L.Ed. 1086].)

We review de novo a trial court's decision regarding choice-of-law and federal preemption of state law. (See, e.g., *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 274 ["The choice-of-law issue is a legal one that is decided de novo. [Citations.]"); see also *Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1089, fn. 10 ["federal preemption presents a pure question of law. [Citation.]"].)

## B.     Federal Maritime Law Does Not Preempt Section 583.310

Section 583.310 requires that "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." "This requirement is mandatory and not subject to extension, excuse or exception except as expressly provided by statute. [Citation.]" (*Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 889; see also § 583.360, subd. (b).) "'Thus, unless some specified exception applies, a trial court has a mandatory duty to dismiss an action and a defendant has an absolute right to obtain an order of dismissal, once five years has elapsed from the date the action was commenced.' [Citation.]" (*Cole v. Hammond* (2019) 37 Cal.App.5th 912, 921 (*Cole*).) The three statutory exceptions that toll the five-year limit are periods when: "(a) [t]he jurisdiction of the court to try the action was suspended[;] [¶] (b) [p]rosecution or trial of the action was stayed or enjoined[;][and] [¶] (c) [b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340, subds. (a)-(c).)

Appellants contend that "irrespective of whether [section 583.310] is 'procedural' or 'substantive,' under the facts of this case the application of section 583.310 via the 'reverse-*Erie*' doctrine imposes an impermissible burden on [a]ppellants' federal rights and, as such, is preempted." They argue the Jones

Act preempts section 583.310 because "application of [section 583.310] to [a]ppellants' causes of action unequivocally created 'material prejudice' as it extinguished their right to redress expressly provided for under maritime law." We disagree.

In *American Dredging*, the United States Supreme Court held that in admiralty cases filed in a state court under the Jones Act and the "saving to suitors clause," federal law does not preempt state law concerning the doctrine of forum non conveniens. (*American Dredging, supra*, 510 U.S. at pp. 443, 466-467.) In that case, the Supreme Court of Louisiana reversed the Court of Appeal, holding that Article 123(C) of the Louisiana Code of Civil Procedure, which renders the doctrine of forum non conveniens unavailable in Jones Act and maritime law cases brought in Louisiana state courts, is not preempted by federal maritime law. (*Id*. at pp. 445-446.) The United States Supreme Court affirmed, stating: "The issue before us here is whether the doctrine of forum non conveniens is either a 'characteristic feature' of admiralty or a doctrine whose uniform application is necessary to maintain the 'proper harmony' of maritime law. We think it is neither." (*Id*. at p. 447, italics omitted, fn. omitted.)

First, the *American Dredging* court concluded the doctrine of forum non conveniens was not a characteristic feature of admiralty, but rather "has long been a doctrine of general application." (*American Dredging, supra*, 510 U.S. at p. 450.) A state's refusal to apply forum non conveniens therefore did not work material prejudice to a "characteristic feature of general maritime law. [Citation.]" (*Ibid*.)

Next, in analyzing whether Louisiana's state law interfered with the proper harmony and uniformity of federal maritime law, the *American Dredging* court acknowledged that application of Louisiana's state law produces disuniformity because "maritime defendants 'have access to a forum non conveniens defense in federal court that is not presently recognized in Louisiana

6

state courts.'" (*American Dredging, supra*, 510 U.S. at p. 450, italics omitted.) It held, however, that the rule does not "'interfere[ ] with the proper harmony and uniformity' of maritime law[.]" (*Id.* at pp. 451, 455.) The court reasoned that the forum non conveniens doctrine, essentially a venue rule, is a procedural rule and contrasted it with state substantive rules which are preempted by federal maritime law: "Unlike burden of proof (which is a sort of default rule of liability) and affirmative defenses such as contributory negligence (which eliminate liability), forum non conveniens does not bear upon the substantive right to recover, and is not a rule upon which maritime actors rely in making decisions about primary conduct—how to manage their business and what precautions to take." (*Id.* at pp. 453-454, italics omitted, fn. omitted.)

*American Dredging* is dispositive. Like the forum non conveniens doctrine, California's five-year rule is not a "characteristic feature of admiralty," but rather a rule generally applicable to any complaint filed in California state court. (*American Dredging, supra*, 510 U.S. at p. 447.) Application of section 583.310 to maritime actions does not, therefore, "'work[ ] material prejudice to the characteristic features of the general maritime law[.]'" (*Ibid.*)

We acknowledge that, like the state law at issue in *American Dredging*, application of section 583.310 to maritime actions filed in state court may produce disuniformity. As stated above, section 583.310 is mandatory unless the plaintiff can demonstrate an exception applies. (*Cole, supra,* 37 Cal.App.5th at p. 921.) In federal court, dismissal for failure to prosecute the action is not mandatory, but the action may be dismissed earlier than five years. (See Fed. Rules Civ. Proc., rule 41(b) ["If the plaintiff fails to prosecute . . . a defendant may move to dismiss

7

the action or any claim against it."].)[4] California's five-year rule does not, however, "bear upon the substantive right to recover, and is not a rule upon which maritime actors rely in making decisions about primary conduct—how to manage their business and what precautions to take," like statutes affecting liability. (*American Dredging, supra*, 510 U.S. at p. 454, fn. omitted, citation omitted.) Instead, section 583.310 is a procedural rule, even if its application may affect the outcome of the litigation. (See, e.g., *Olympic Sports Products, Inc. v. Universal Athletic Sales Co.* (9th Cir. 1985) 760 F.2d 910, 914 [in holding California's five-year rule, previously codified in section 583, subd. (b), is procedural, the court recognized that "every procedural rule may, at some point in litigation, be outcome-determinative, for the failure to follow a court's procedural rules may result in the dismissal of a claim, defense, or entire lawsuit."].) Uniform application of a rule regarding dismissal of an action for failure to prosecute is, therefore, not "necessary to maintain the 'proper harmony' of maritime law." (*American Dredging, supra*, 510 U.S. at p. 447.)

We conclude federal law does not preempt application of section 583.310 in maritime cases filed in California state court.

---

4       We note, had this action been brought in federal court, a district court could have dismissed this action before five years elapsed given the complete lack of prosecution other than two depositions. (See, e.g., *Davila v. Erickson & Jensen Seafood Packers* (S.D. Texas 2014) 2014 U.S. Dist. LEXIS 193016 at \*5 [Magistrate Judge recommended dismissal of a complaint alleging claims pursuant to general maritime law and the Jones Act for want of prosecution less than two years after plaintiff filed his complaint.].)

The trial court therefore properly dismissed appellants' complaint under section 583.360, subdivision (a).[5]

## C.    Equitable Estoppel Does Not Apply

Alternatively, appellants contend the five-year limit to bring an action to trial should be tolled under the doctrine of equitable estoppel. We reject this argument for two reasons.

First, equitable estoppel is not one of the enumerated statutory exceptions. (See § 583.360, subd. (b) ["The requirements of this article are mandatory and are not subject to extension, excuse or exception except as expressly provided by statute."]; see also § 583.330 ["The parties may extend the time within which an action must be brought to trial" by either "written stipulation" or "oral agreement made in open court, if entered in the minutes of the court or a transcript is made."].)

Second, even assuming equitable estoppel could toll the five-year limit in section 583.310, it is inapplicable here. "'[T]he doctrine of equitable estoppel operates to preclude a party who has made representations of fact through his words or conduct "from asserting rights which might perhaps have otherwise existed as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquired some corresponding right."'" (*Oxford Shipping Co. v. New Hampshire Trading Corp.* (1st Cir. 1982) 697 F.2d 1, 4, internal brackets and ellipses omitted.)[6]

---

5    Section 583.360, subdivision (a) states: "An action shall be dismissed by the court . . . if the action is not brought to trial within the time prescribed in this article."

6    We accept for discussion purposes appellants' assertion that federal equitable estoppel standards apply here. Respondents do not argue the contrary. But the result would be the same if state standards applied.

Respondents made no representations concerning the five-year rule, nor did appellants rely in good faith on respondents' conduct in not bringing their action to trial in five years. Appellants do not argue that any representations of fact were made orally regarding tolling the five-year limit. Instead, appellants claim they relied in good faith on respondents' conduct after five years had elapsed from the filing of the complaint (i.e., participating in two depositions, and the filing of answers to the complaint by two of the respondents), and "continu[ed] to prosecute their claims." Respondents' limited participation in the litigation after five years elapsed since the filing of the complaint does not constitute a "representation of fact" that respondents were willing to extend the time within which the action must be brought to trial under section 583.310. Indeed, respondents' conduct took place within the time permitted under section 583.310 (i.e., within 5 years plus the 209 days when the action was stayed). (See § 583.340, subd. (b) [five-year limit tolled when prosecution or trial of the action was stayed.].) And, in any event, although appellants claim they continued to prosecute their claims based on respondents' conduct, they do not argue, as they must under the equitable estoppel doctrine, that they relied on respondents' conduct in not bringing their action to trial within the time permitted under section 583.310.

Accordingly, respondents were not "equitably estopped" from relying on section 583.310 to dismiss appellants' complaint.[7]

---

7    In their reply brief, appellants claim for the first time that it would have been impossible or impracticable to bring the action to trial against the two respondents who did not answer the complaint until five years after the complaint was filed. Because this argument was never raised in the trial court, and was asserted for the first time in a reply brief on appeal, we deem this argument forfeited. (See *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [arguments not raised in the trial court are forfeited on appeal]; see also *Habitat & Watershed Caretakers v. City of Santa Cruz* (2013) 213

10

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

---

Cal.App.4th 1277, 1292, fn. 6 ["Arguments presented for the first time in an appellant's reply brief are considered [forfeited]."].)