Filed 12/23/24

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

| | |
|---|---|
| FILLMORE CENTER ASSOCIATES, LP, <br><br>     Plaintiff and Appellant, <br><br>        v. <br><br> SANDERA LEWIS, <br><br>     Defendant and Respondent. | CUD-23-672663 <br><br><br><br><br><br> **OPINION** |

APPEAL from a judgment of the Superior Court of San Francisco County, Charles F. Haines, Judge.  Affirmed.

Shirin Shojapour and Gary D. Fidler, for Plaintiff and Appellant.

Sarah Abelow and Legal Assistance to the Elderly, for Defendant and Respondent.

_____

      The trial court granted respondent's motion for summary judgment in this unlawful detainer action.  On appeal, appellant argues that the trial

court lacked jurisdiction to rule on the motion for summary judgment, because appellant had filed a request for dismissal without prejudice of its complaint prior to the summary judgment hearing. After considering the record, arguments, and applicable law, the judgment is affirmed.

## I. FACTS AND PROCEDURAL HISTORY

On July 26, 2023, appellant Fillmore Center Associates filed an unlawful detainer complaint against respondent Sandera Lewis.

On December 1, 2023, respondent filed a motion for summary judgment, arguing appellant's three-day notice to pay rent or quit was defective, insofar as it failed to comply with the notice required by Code of Civil Procedure section 1161, subdivision 2.

On December 5, 2023, the trial court issued a tentative ruling granting respondent's motion for summary judgment, subject to appellant's opposition. After the trial court issued its tentative ruling, appellant filed a request for dismissal without prejudice.

On December 6, 2023, the trial court conducted the hearing on respondent's motion for summary judgment. Appellant did not appear at the hearing, nor did it file an opposition to (or otherwise contest) the motion for summary judgment. The trial court and respondent discussed appellant's request for dismissal, and the trial court noted that the request was filed after it had issued a tentative ruling granting respondent's motion for summary judgment. The trial court granted respondent's motion for summary judgment, and directed respondent's counsel to prepare a proposed order.

On April 4, 2024, respondent provided a copy of her proposed order to appellant, and asked appellant to sign the proposed order. Appellant refused

2

to sign the proposed order, and argued that the unlawful detainer action had been dismissed.

On May 16, 2024, respondent provided a proposed order to the trial court.

On May 17, 2024, the trial court accepted and filed respondent's proposed order.

On June 10, 2024, appellant filed a notice of appeal.

## II. DISCUSSION

Appellant argues that the trial court's order granting the defendant's motion for summary judgment must be reversed, because the trial court lacked jurisdiction to rule on the motion, as appellant had filed a request to dismiss its complaint prior to the hearing on the motion.[1]  We disagree.

We independently review an order granting summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.)  "Thus, '[w]e review the trial court's decision de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts

---

[1] At oral argument, counsel for respondent informed us that her client had vacated the premises (in response to a later notice), so possession was no longer at issue.  Counsel for appellant then argued that this appeal should be dismissed as moot.  "A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief.' [Citation.]  'When no effective relief can be granted, an appeal is moot and will be dismissed.' [Citations.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)  While we cannot restore possession of the premises to respondent, we can award her some relief, so this matter is not moot.  (See *Cinnamon Square Shopping Center v. Meadowlark Enterprises* (1994) 24 Cal.App.4th 1837, 1843, fn. 2 ["where the only remaining issue is costs . . . we would question the wisdom of mechanically denying review"]; *In re Webb* (2019) 7 Cal.5th 270, 273-274 [appellate courts have discretion to decide otherwise moot cases presenting important issues that are capable of repetition yet tend to evade review].)

3

concerning the evidence in favor of that party. [Citations.]'" (*Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 288.)

"A motion for summary judgment [in an unlawful detainer action] may be made at any time after the answer is filed upon giving five days notice. Summary judgment shall be granted or denied on the same basis as a motion under Section 437c." (Code Civ. Proc., § 1170.7.) A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "A defendant . . . has met his or her burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to the cause of action. Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto. The plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)

Here, appellant does not argue on appeal that the legal basis for the trial court's summary judgment ruling—that the unlawful detainer notice given did not comply with the statute—was incorrect. Nor did appellant make that argument in the trial court. Accordingly, appellant has waived that argument and we do not consider it. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 698-700 ["we are not obliged to consider arguments or theories . . . that were not advanced by plaintiffs in the trial

4

court"]; *Dinslage v. City and County of San Francisco* (2016) 5 Cal.App.5th 368, 379 ["review is limited to issues which have been adequately raised and briefed"] (citations and quotations omitted).)

Appellant's only argument on appeal is that the summary judgment order was improper and must be reversed (and the case dismissed) because appellant had filed a notice of dismissal of the case before the summary judgment order was entered. As noted, after appellant learned that the trial court's tentative ruling on the motion for summary judgment was to grant it, appellant sought to dismiss its complaint, rather than oppose the motion. Appellant insists that it still had a right to dismiss its complaint because trial had not yet commenced, but case law shows that appellant is mistaken.

Appellant argues that a tentative ruling is not a bar to a voluntary dismissal, relying on *Datner v. Mann Theatres Corp.* (1983) 145 Cal.App.3d 768. There, the plaintiff filed a complaint, and the defendant filed a demurrer. (*Id.* at p. 769.) Before the hearing on the demurrer, the plaintiff filed a request that his action be dismissed. (*Ibid.*) The trial court initially granted the plaintiff's request to dismiss the action, but later vacated its order and sustained the defendant's demurrer. (*Ibid.*) The Court of Appeal reversed the latter actions of the trial court, holding that the trial court lacked jurisdiction after it had granted the plaintiff's request for dismissal. (*Id.* at p. 771.) The Court of Appeal explained that it refused to "declare a new rule of law to the effect that a tentative ruling of the trial court issued during the pendency of a hearing upon a demurrer negates the statutory authority conferred by section 581[.]" (*Ibid.*)

Respondent points out that *Datner* is an outlier, and that subsequent cases establish the rule that when a tentative ruling would effectively dispose

5

of a case, the plaintiff no longer has a statutory right to dismiss his complaint. We agree.

"A plaintiff may dismiss his or her complaint . . . with or without prejudice prior to the actual commencement of trial." (Code Civ. Proc., § 581, subd. (c).) "'The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute.'" (*Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 769, quoting *Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1402.) "The meaning of the term 'trial' is not restricted to jury or court trials on the merits, but includes other procedures that 'effectively dispose of the case.'" (*Mary Morgan, Inc., supra*, 49 Cal.App.4th at 769, quoting *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785.) "The plaintiff's right to dismiss would be cut off . . . if the court had issued a tentative or final ruling on a dispositive motion. [Citations.]" (*Cole v. Hammond* (2019) 37 Cal.App.5th 912, 921.)

In *Cravens v. State Board of Equalization* (1997) 52 Cal.App.4th 253, on the day before the trial court was scheduled to conduct a hearing on the defendant's motion for summary judgment, which the plaintiff had not opposed, the plaintiff filed a request to dismiss its complaint, arguing that "a claimant's power to voluntarily dismiss his or her action before the commencement of trial is absolute." (*Id.* at p. 255.) The Court of Appeal disagreed: "The plaintiff who waits until a motion for summary judgment has been filed, and the time for opposition has passed, to attempt to dismiss his or her complaint, is subject to the trial court's continuing jurisdiction to hear and rule on the pending motion." (*Ibid.*)

Here, as in *Cravens* and *Mary Morgan, Inc., supra*, 49 Cal.App.4th 769, "[t]he trial court correctly determined that appellant was not entitled to dismiss its action without prejudice and reassert the same allegations that it

6

could not, or would not, defend when challenged by respondents' summary judgment motions." (*Id.* at 772.) "[A] plaintiff may not dismiss an action without prejudice after an adverse tentative summary judgment ruling has been announced[.]" (*Id.* at 767.)

## III.   DISPOSITION

The judgment is affirmed.  Respondent, as the prevailing party in this civil appeal, is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.891(a)(1).)

DATE:  December 23, 2024

FRANKEL, J.

We concur:

MURPHY, P.J.

CHUN, J.